STATE OF NEBRASKA, APPELLEE, v. EARL E. DeBERRY, APPELLANT.

206 N. W. 2d 642

Filed April 27, 1973. No. 38808.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant was charged and jury convicted of shooting with intent to kill, wound, or maim. § 28-410, R. R. S. 1943. The defendant was sentenced to an indeterminate term of 3 to 5 years in the Nebraska Penal and Correctional Complex. His contentions on appeal are that the court refused to instruct the jury of the lesser included offense of assault and battery and that his indeterminate sentence was erroneous. We affirm the judgment and sentence of the District Court.

The defendant's first contention is that the court should have instructed upon the lesser included offense of assault and battery. The giving of an instruction on a lesser included offense, even if requested, is proper only when applicable to the evidence and where the evidence would justify a verdict of guilty of the lesser offense of assault and battery. If the evidence is such as to warrant only a verdict of the greater offense, or one of not guilty, then it is not proper to give such an instruction. State v. Randall, 187 Neb. 743, 193 N. W. 2d 766; Olney v. State, 169 Neb. 717, 100 N. W. 2d 838.

We go to the evidence. The defendant and his wife had been divorced. They had lived together for a short time thereafter in April of 1972 in an attempt to patch up their marriage. Yvonne DeBerry, the wife, testified that when she returned home from work at approximately 6 p.m. the defendant was there. An argument ensued over whether she was turning the kids against her husband and whether she had told one of the daughters to call DeBerry names. DeBerry had a gun in his hip pocket. They were sitting on chairs. As the argument proceeded, DeBerry got up first, reached into his back pocket, and pulled out the gun. The defendant threatened her. She tried to calm him down. She walked up to him and touched him. Then she was knocked to the floor, dazed, and at the same time she heard the explosion of the gun firing and felt throbbing in her upper left chest. While she was down

she heard several shots and felt burning and pressure. She was coughing, got up, and ran out the kitchen door, down the block, to a neighbor's house. She was bleeding and coughing blood. Actually she was shot in the left arm and as a result has three scars on her left arm. She also testified that her husband stated at least once that he was going to kill her and was cursing during this period of time. She had no weapons on her.

An expert from the Omaha police department arrived and gathered three spent shell casings from the apartment. Two of the shell casings were about 5 or 6 feet inside the door and approximately 8 or 9 inches apart, and the third one was lying on the floor of the apartment approximately 10 feet from the others, and to the left. He identified and examined the .25 caliber pistol involved in the shooting. The evidence is undisputed that this gun was in good order, with no defects, and that it would not fire without the pulling of the trigger each time a shot was to be fired. Each time the trigger is pulled a shell is ejected. There was a pool of blood approximately 8 to 10 feet east of the doorway, and one of the slugs was lying near this pool of blood.

The defendant testified that he was carrying the gun because he was afraid of his father-in-law. He testified himself that when he got out of his chair he picked up his gun. His testimony negatives any evidence of a simple assault upon his wife Yvonne. His explanatory testimony, almost incredible, is that he simply pushed her back and that she came and ran into him again, that he was the one who was assaulted, and that he was knocked over a chair and the gun accidentally fired several times as he was falling down over the chair. His evidence was that the gun was just continuously going off. He testified that after being knocked down in this fashion, he got up and the gun jammed, and then his wife jumped up and ran out through the kitchen.

The shooting is not denied by the defendant, and the

force and purport of the defendant's testimony is clearly that he did not have any intent to shoot and wound Yvonne.

It is clear from the evidence we have recited that the sole and only question open for the jury to decide under the evidence was whether the defendant shot Yvonne purposely or accidentally. If the shooting was purposely done, then the defendant was guilty as charged; if it was accidental, the defendant had no criminal intent and he was innocent of the crime as charged and also of any lesser crime such as simple assault and battery. Even under the defendant's recital of the evidence, which we have substantially given in this opinion, his explanation of the shooting is almost incredible. But more importantly, there is no evidence in this case that would sustain a finding of a simple assault on the prosecutrix. The shooting is not denied. The only question involved is whether it was done intentionally or accidentally. As in some of our previous cases involving this subject, if the trial court had given such an instruction in this case and the jury had returned a verdict of guilt of simple assault and battery, it would have required a reversal and a discharge of the defendant. As we have said as far back as Davis v. State, 116 Neb. 90, 215 N. W. 785, if the evidence in a criminal case is such as to warrant only a verdict of the greater offense, or one of not guilty, then it is not proper to give an instruction on a lesser included offense. There is no merit to this contention.

The other contention of the defendant as to the erroneousness of his indeterminate sentence of 3 to 5 years is answered by our recent holding in State v. Suggett, 189 Neb. 714, 204 N. W. 2d 793. There was no error in the sentence imposed and it is not otherwise attacked.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.