STATE OF NEBRASKA, APPELLEE, v. MARTIN JEROME WADE, APPELLANT.

219 N. W. 2d 233

Filed June 20, 1974. No. 39473.

Martin Jerome Wade, pro se.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was originally charged in separate counts with possession with intent to distribute cocaine and heroin. Pursuant to a plea bargain the second count in the information was dismissed. The defendant then entered a plea of guilty to possession of cocaine with intent to distribute and was sentenced to imprisonment for 5 to 6 years. Later this sentence was set aside, pursuant to L.B. 261 which amended section 28-4,125, R. S. Supp., 1972, effective September 2, 1973, to provide for a sentence of 1 to 10 years for a first offense. § 28-4,125 (2), R. S. Supp., 1973. The defendant was resentenced to imprisonment for 3 to 5 years.

The defendant now seeks post conviction relief on the ground the sentence is in violation of section 83-1,105 (1), R. S. Supp., 1972, because the minimum sentence fixed by the court is more than one-third of the maximum sentence fixed by the court.

Matters relating to sentences imposed within statutory limits are not a basis for post conviction relief. State v. Birdwell, 188 Neb. 116, 195 N. W. 2d 502. Relief under the Post Conviction Act is limited to cases in which there was a denial or infringement of the rights of the prisoner such as to render the judgment void or voidable under the Constitution of this state or the

Constitution of the United States. State v. Bullard, 187 Neb. 334, 190 N. W. 2d 628.

The defendant's contention was determined adversely in State v. Suggett, 189 Neb. 714, 204 N. W. 2d 793. In that case we determined the limitation upon the minimum term is the sentence provided by law and not the maximum sentence imposed by the court. See, also, State v. Deloa, 191 Neb. 290, 214 N. W. 2d 621.

The judgment of the District Court is affirmed.

AFFIRMED.

BRODKEY, J., not participating.