**UNITED STATES ex rel. Earl Lee PARKER, Petitioner,**

v.

**Ramon GRAY, Warden of the Wisconsin State Prison at Waupun, Wisconsin, Respondent.**

**Civ. A. No. 73–C–128.**

United States District Court,
E. D. Wisconsin.

March 21, 1975.

20.  *See* note 19 *supra.*

William M. Coffey, Milwaukee, Wis., for petitioner.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner Earl Lee Parker, a state prisoner, is presently in the custody of the respondent warden and is serving consecutive sentences of life and five years imposed by a state court upon the verdict of the jury finding the petitioner guilty of first degree murder and endangering safety by conduct regardless of human life. The convictions were affirmed upon appeal to the Wisconsin Supreme Court. State v. Parker, 55 Wis.2d 131, 197 N.W.2d 742 (1971).

Petitioner challenges the validity of his convictions and consequent incarceration on two separate grounds: (1) the admission into evidence of certain state-ments of the petitioner, and (2) the refusal of the trial court to submit the lesser offense of second degree murder to the jury.

## I. STATEMENTS OF PETITIONER

Petitioner challenges the trial court's admission into evidence of certain custodial statements secured from him alleging that they were taken in violation of his constitutional rights. At the time of arrest, petitioner was bleeding from a wound to his lower right abdomen and told the apprehending officers that he had been shot. The officers initially believed that petitioner was seriously wounded, and instead of waiting for an ambulance, the officers placed petitioner on the floor of a police wagon and conveyed him to the hospital. During the course of the trip to the hospital, a statement was given to the officers implicating the defendant in the shooting of a bartender for whose murder defendant was subsequently convicted.

En route to the hospital, petitioner kept repeating, "Please don't let me die." In response, one of the police officers said to the defendant that if he felt he was going to die, he should tell them what happened. When petitioner commenced to tell what had happened, officer Kliesmet advised petitioner of his constitutional rights under *Miranda.* Petitioner then proceeded to make the implicating statements which were subsequently admitted into evidence. During this entire period, the defendant was conscious and coherent. As it later developed, petitioner was not seriously injured but had sustained a relatively minor puncture wound from a piece of glass.

The question of whether the admission of these statements in evidence violated petitioner's constitutional rights was the subject of an evidentiary hearing conducted by the state trial court in conformance with State ex rel. Goodchild v. Burke, 27 Wis.2d 244, 133 N.W.2d 753 (1965). Following the hearing, the trial judge in a written decision made specif-

ic findings of fact and concluded that the evidence demonstrated that the statements of petitioner were voluntary and constitutionally untainted. The evidence and admissibility of the statements were again reviewed and upheld on petitioner's appeal to the Wisconsin Supreme Court. State v. Parker, supra.

■ After a careful examination of the transcript of the evidentiary hearing and the trial court's decision, this Court concludes that no further evidentiary hearing is necessary and that petitioner's constitutional rights were not violated. A further evidentiary hearing is unnecessary because the state court hearing on this question was fairly conducted, petitioner was represented by highly competent counsel, and the material facts were adequately developed. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254(d).

■ The trial court in its decision following the evidentiary hearing found that petitioner made the statements—

"* * * without in any manner being induced to do so by any promises, threats, force or duress, either physical or psychological; that the statements attributed to Parker were, from the totality of all the circumstances his deliberate choice; that he made them understandingly with full knowledge of his rights, to remain silent, to have an attorney of his own choice to be present, and that if he were unable to pay for such services, an attorney would be appointed for him; that the precautionary warnings were sufficiently distinct so that Parker was not left ignorant of his constitutional rights before making statements to the police officer."

In his memorandum decision denying petitioner's motion to suppress the statements, the trial judge made complete findings of fact and resolved the merits of the factual disputes. The trial judge specifically articulated his credibility findings and chose to disbelieve the petitioner's testimony. These factual findings are binding on this court. 28 U.S. C. § 2254(d); see also LaVallee v. Delle Rose, 410 U.S. 690, 93 S.Ct. 1203, 35 L. Ed.2d 637 (1973).

In addition, a review of both the state trial court and appellate court decisions reveals that the courts utilized the correct federal standards to determine the admissibility of the petitioner's statements.

■■ Thus, the opinion of the state trial court meets the requirements of 28 U.S.C. § 2254(d) and is presumed to be correct. The burden was thus shifted to the petitioner to establish by convincing evidence that the factual determination of the state court was clearly erroneous. 28 U.S.C. § 2254(d). No such convincing evidence has been presented to this court. Therefore, applying the federal constitutional standards to the factual determinations of the state court, this Court concludes that the admission of the statements of petitioner was not constitutional error, and, consequently, petitioner is not entitled to relief under 28 U.S.C. § 2254.

## II. REFUSAL OF TRIAL COURT TO SUBMIT LESSER OFFENSE TO JURY

As a second ground for a writ of habeas corpus, petitioner alleges that the refusal of the trial court to submit the lesser offense of second degree murder to the jury constituted a denial of petitioner's right to a jury trial and due process of law. The trial court instructed the jury on the crimes of first degree and third degree murder. The trial court denied petitioner's request to instruct the jury on second degree murder and to submit that verdict to the jury for its consideration.

Section 2254 of 28 U.S.C. provides that the district court must entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

The threshold question is whether the failure of the trial court, in the face of petitioner's request, to instruct or submit a verdict to the jury concerning a lesser offense, if in error, is of constitutional magnitude.

 While failure to submit the lesser offense to the jury where there is evidence to support a finding of guilt on the lesser offense is held to be reversible error, United States v. Comer, 137 U.S. App.D.C. 214, 421 F.2d 1149 (1970); Zenou v. State, 4 Wis.2d 655, 91 N.W.2d 208 (1958), there is no authority for the proposition that failure to instruct and submit a verdict on a lesser offense is a denial of the right to a trial by jury. Petitioner had a jury trial on the crime charged, first degree murder, and that is all the Constitution requires. If the jury found there was no intent to kill as required by § 940.01, it would have to acquit the defendant of first degree murder.

However, even assuming, without deciding, that the right to trial by jury includes a right to have lesser offenses submitted to the jury, petitioner's requested relief must be denied. The difference between second degree and first degree murder is the "absence of the design to effect death." Zenou v. State, 4 Wis.2d 655, 668, 91 N.W.2d 208, 215 (1958). The Wisconsin court in State v. Bergenthal, 47 Wis.2d 668, 675, 178 N.W.2d 16, 21 (1970), discussed the submission of multiple verdicts in such cases. The Court held:

> "* * * The purpose of multiple verdicts is to cover situations where under different, but reasonable, views of the evidence there are grounds either for conviction of the greater or of the lesser offense. The lesser degree verdict is not to be submitted to the jury unless there exists reasonable grounds for conviction of the lesser offense and acquittal on the greater."

The Wisconsin Supreme Court in State v. Parker, supra, extensively reviewed the evidence and concluded that there was no reasonable ground upon which the jury could have found that the petitioner did not intend to kill his victim. Thus, the Court concluded that the trial court's denial of petitioner's request for an instruction and verdict on second degree murder was proper. This court is bound by the factual determination of the state court. Under the state court's factual finding, Parker did intend to kill his victim, and no reasonable view of the evidence would support a finding that he did not intend to kill. Under these circumstances, the failure to submit the lesser offense was not error, constitutional or otherwise.

### III.  ORDER

It is therefore, ordered that the petition for writ of habeas corpus be and it hereby is denied.