**Earl DeBERRY, Appellant,**

v.

**Charles WOLFF, Jr., Appellee.**

**No. 74–1975.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1975.

Decided April 11, 1975.

Douglas L. Kluender, Lincoln, Neb., for appellant.

Harold S. Salter, Deputy Atty. Gen., Claims Div., Lincoln, Neb., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, ROSS, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

ROSS, Circuit Judge.

Earl E. DeBerry, a Nebraska state prisoner, appeals from the denial by the district court[1] of his petition for a writ of habeas corpus. We affirm.

DeBerry was convicted in August, 1972, after a jury trial in state court, of shooting with intent to kill, wound or

---

* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The Honorable Paul Benson, United States District Judge for the District of North Dakota, sitting by designation in the District of Nebraska.

maim his former wife, Yvonne DeBerry, in violation of Nebr.Rev.Stat. § 28–410 (Cum.Supp.1974). He was sentenced to an indeterminate sentence of three to five years in the Nebraska state prison. A direct appeal was taken to the Nebraska Supreme Court in which one of the contentions raised was that the trial court should have instructed upon the lesser included offense of assault and battery. The judgment was affirmed. State v. DeBerry, 190 Neb. 177, 206 N.W.2d 642, 643 (1973).

DeBerry then commenced a post conviction action in the state trial court alleging that at his trial he was denied his right to be represented by competent counsel; that the state suppressed evidence favorable to him; and that the state knowingly used perjured testimony against him. The trial court denied relief, and appeal was again taken to the Nebraska Supreme Court. That court again affirmed the trial court's judgment principally on the basis that a proper bill of exceptions had not been filed by DeBerry so that "any assignment of error requiring an examination of evidence cannot prevail on appeal." State v. DeBerry, 191 Neb. 445, 215 N.W.2d 73, 74 (1974).

Turning to the federal courts, DeBerry then filed this petition seeking habeas corpus relief. He raises the same claims he has exhausted in the Nebraska courts: (1) the trial court's refusal to instruct on assault and battery as a lesser included offense denied him his right to due process of law; (2) the state's use of false testimony denied him his due process rights; (3) the state's suppression of evidence denied him his due process rights; and (4) he was denied his constitutional right to be represented by effective counsel.

I.

Although requested by DeBerry, the state trial court refused to instruct the jury on the lesser included offense of assault and battery. The Nebraska Supreme Court affirmed this decision after carefully reviewing the evidence and ap-

plying the Nebraska rule that "if the evidence in a criminal case is such as to warrant only a verdict of the greater offense, or one of not guilty, then it is not proper to given (sic) an instruction on a lesser included offense." State v. DeBerry, *supra,* 206 N.W.2d at 644.

In its Memorandum and Order the federal district court applied the five element test enunciated in United States v. Thompson, 492 F.2d 359, 362 (8th Cir. 1974), to the facts of this case and concluded that a lesser included offense instruction was not called for because the proof on the elements differentiating the two crimes was not sufficiently in dispute so that the jury could consistently find the defendant innocent of the greater and guilty of the lesser included offense.

While we affirm the judgment below, we need not and do not decide whether or not the district court applied the *Thompson* test correctly, because we are of the opinion that a claim such as this regarding an alleged trial court error in its instructions to the jury is not cognizable in federal habeas corpus.

The general rule is that only issues of constitutional magnitude are cognizable in habeas corpus. The claim must allege a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure" in order to be considered on a petition for a writ of habeas corpus. Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). *See* Jackson v. Hutto, 508 F.2d 890, 891 (8th Cir. 1975); Quinn v. United States, 499 F.2d 794, 795 (8th Cir. 1974). "It is plain . . . that the writ is not designed for collateral review of errors of law committed by the trial court . . . which do not cross the jurisdictional line." Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 1591, 91 L.Ed. 1982 (1947).

Claimed errors in instructions to the jury are generally not of such constitutional magnitude and do not state a claim for habeas corpus relief. Houser v. United States, 508 F.2d 509, 515–516

(8th Cir. 1974); Murphy v. Beto, 416 F.2d 98, 100 (5th Cir. 1969). More particularly the courts have held that the trial court's failure to give a lesser included offense instruction is not normally such a constitutional error or "fundamental defect" as to allow collateral review under habeas corpus. Crossley v. California, 168 U.S. 640, 641, 18 S.Ct. 242, 42 L.Ed. 610 (1898); Higgins v. Wainwright, 424 F.2d 177, 178 (5th Cir.), cert. denied, 400 U.S. 905, 91 S.Ct. 145, 27 L.Ed.2d 142 (1970); Poulson v. Turner, 359 F.2d 588, 591 (10th Cir.), cert. denied, 385 U.S. 905, 87 S.Ct. 219, 17 L.Ed.2d 136 (1966); Gist v. Oklahoma, 371 F.Supp. 541, 542 (E.D.Okl.1974).

■ Here the defendant did request the lesser included offense instruction; and this case is, therefore, distinguishable on that fact from *Higgins, Poulson* and *Quinn, supra.* However, this distinction is not important in determining whether the alleged error—the refusal to give a lesser included offense instruction—rises to the level of a federal constitutional claim. Under the general rules stated above we are satisfied that in the context of this case it is not a defect which inherently results in a miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. It is, therefore, not cognizable in federal habeas corpus proceedings.

## II.

DeBerry argues that the state knowingly used false testimony in its prosecution of him in violation of the rule stated in Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). He bases this contention on the fact that there were variations in the testimony of Yvonne DeBerry, the victim of the shooting and the only eyewitness, between the preliminary hearing and the trial. He asserts that the prosecutor knew of these differences and should not have allowed the trial testimony to go uncorrected.

*Napue* established that

a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment . . . . The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears. (Citations omitted.)

Napue v. Illinois, *supra,* 360 U.S. at 269, 79 S.Ct. at 1177.

DeBerry claims that Yvonne changed her testimony regarding whether she and DeBerry were sitting on chairs or on a couch prior to the shooting, whether she "grabbed" or "touched" DeBerry on the gun hand or somewhere else and whether she was knocked to the floor by the impact of the first bullet to strike her or by DeBerry hitting her. He contends that, to the extent the trial testimony was different than that of the preliminary hearing, it was false.

■ The district court reviewed the record and found that some of the alleged discrepancies did not exist. Any inconsistencies remaining were found to fall "far short of sustaining the allegation of false testimony." Our review of the transcripts satisfies us that this finding is not clearly erroneous. Fed.R.Civ.P. 52(a). Therefore, the *Napue* rule is inapposite. This claim has no merit.

## III.

■ At the preliminary hearing Yvonne testified in a rather confused manner that she had been wounded three times in the shooting incident— twice in the left arm and once in the armpit. She also indicated that she was hit in the chest. At the trial she stated only that she had been hit three times— in the left arm and armpit. She did not state that she was hit in the chest, but she did testify that she felt a blow in her upper left chest area. DeBerry contends that the state "suppressed" the preliminary hearing testimony regarding a chest wound in violation of the Brady v.

Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963), holding that

the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

This claim borders on the frivolous, for it is clear that the *Brady* rule applies only to favorable evidence which the prosecution has but which is unavailable to the defendant. Here DeBerry was represented by the same counsel at both the preliminary hearing and the trial. The preliminary hearing transcript was a public record, just as available to the defendant and his counsel as to the prosecutors. There could be no suppression by the state of evidence already known by and available to DeBerry prior to trial. The district court's finding that "[t]here is nothing in the record which would establish suppression of material evidence" is fully supported by our review of the case.

### IV.

DeBerry's final claim is that he was denied his right to effective assistance of counsel. However, the evidence shows that his court-appointed attorney, a member of the Douglas County, Nebraska, Public Defender's Office, visited with him at least three times prior to trial and probably more than that. Additionally, he talked to members of DeBerry's family, examined copies of police reports, and reviewed the evidence from the preliminary hearing. The Public Defender's Office also arranged for DeBerry to undergo psychiatric examination. The attorney testified that he had spent a "considerable number of hours" preparing the case for trial.

■■ It is clear from this review that the so-called "mockery of justice" standard for ineffectiveness of counsel, still followed in this circuit, has not been met. United States v. Hager, 505 F.2d 737, 739 (8th Cir. 1974); McQueen v. Swenson, 498 F.2d 207, 214–218 (8th Cir. 1974); Cardarella v. United States, 375 F.2d 222, 230 (8th Cir.), cert. denied, 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967). Even though the "mockery of justice" standard "is not meant to be an impenetrable obstacle to any meaningful analysis of the facts of the particular case," United States v. Hager, *supra,* 505 F.2d at 739, still "a petitioner must shoulder a heavy burden in proving unfairness." McQueen v. Swenson, *supra,* 498 F.2d at 214. Here counsel's preparation and presentation of his client's case was more than adequate, and DeBerry has not met his heavy burden of proof.

For the foregoing reasons the judgment of the district court denying DeBerry's petition for writ of habeas corpus is affirmed.