STATE OF NEBRASKA, APPELLEE, V. JESSE JAMES FORD, APPELLANT.

231 N. W. 2d 515

Filed July 24, 1975. No. 39828.

Ryan, Scoville & Uhlir, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

In this case, the District Court, after considering a presentence investigation report, sentenced the defendant to an indeterminate term of not less than 15 nor more than 25 years in the Nebraska Penal and Correctional Complex for the crime of rape. The defendant is a 27-year-old plumber's apprentice, married and having two children of his own, who abducted a young woman and man and after taking approximately $7 from the girl, raped her. The facts as related both by the defendant and by the victim are set out fully in the presentence investigation report.

The sole assignment of error relates to the sentence imposed by the trial court. The defendant assigns as error that the minimum term of 15 years was in excess of one-third of the maximum actually imposed, and therefore in violation of section 83-1,105 (1), R. S. Supp., 1974. The defendant asks us to reconsider and to overrule our recent holding in State v. Suggett, 189 Neb. 714, 204 N. W. 2d 793 (1973). He contends, as was contended in Suggett, that the minimum sentence of 15 years imposed in this case is in excess of one-third of the maximum sentence of 25 years imposed by the court. In Suggett this court interpreted the term "maximum term" as referring to the maximum term provided by law, and rejected the interpretation which the defendant now seeks to establish. We have consistently followed the interpretation in State v. Suggett, *supra*. State v. Pratt, 190 Neb. 110, 206 N. W. 2d 45 (1973); State v. DeBerry, 190 Neb. 177, 206 N. W. 2d 642 (1973); State v. Deloa, 191 Neb. 290, 214 N. W. 2d 621 (1974); State v. Wade, 192 Neb. 159, 219 N. W. 2d 233 (1974).

The statute, section 28-408, R. S. Supp., 1974, authorizes a maximum possible sentence of 50 years for the crime of rape, to which the defendant herein pled guilty. Consequently, the sentence imposed in this case is clearly within the limits provided by the statute and follows our interpretation of the indeterminate sentence law announced in State v. Suggett, *supra*. We will not repeat or discuss herein the detailed argument made by the defendant. We reiterate our holding and the rationale therefor announced in State v. Suggett, *supra*. There is no merit to the defendant's contention.

The defendant assigns as error the severity of the sentence of 15 to 25 years in the Nebraska Penal and Correctional Complex. He fails to argue or discuss this assignment of error, and we have examined the record and no abuse of discretion appears. No objection or question is raised concerning the accuracy of the pre-

sentence investigation report. The sentence is within the 3 to 50 year range provided by the statute. Both the defendant's counsel and counsel for the State made reference to it in their arguments to the court at the hearing on sentencing. Suffice it to say that this was not the defendant's first conviction for rape. It is apparent that the sentencing court considered this fact as well as all the other circumstances of the crime and the defendant's record. There appears no abuse of discretion.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.