STATE OF NEBRASKA, APPELLEE, V. RICHARD L. SHEPARD, APPELLANT.

261 N. W. 2d 764

Filed January 25, 1978. No. 41670.

Gary B. Thompson, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Defendant was charged with obtaining goods by false pretenses under section 28-1207, R. R. S. 1943, which provides, upon conviction, a penalty of imprisonment for not more than 5 years nor less than 1 year. Defendant pled guilty, and was sentenced to imprisonment for not more than 5 years nor less than 2 years. The sentence imposed was ordered to run concurrently with a sentence of imprisonment for 1 to 2 years the defendant was serving after his conviction of a related crime in Lancaster County. Defendant contends on appeal that the sentence imposed was excessive. We reduce defendant's minimum sentence to 1 year, 8 months, and affirm, as modified, the judgment of the District Court.

In 1974, the defendant and his family moved to Nebraska from California to be closer to relatives and to begin a farming operation. The defendant became indebted to various creditors, and in February

1977, initiated a scheme to defraud persons by buying purebred hogs with bad checks. Defendant's scheme was to open a checking account under an alias, purchase the hogs from producers with a bad check written on the account, and then resell the hogs and use the proceeds to pay his debts. Defendant was successful in this scheme on three occasions, once in Lancaster County, Nebraska, and twice in Kansas. The fourth time, involving the incident at issue in this case, defendant was caught. All four incidents occurred within a short period of time.

Charges were not filed with respect to one of the incidents in Kansas, and defendant was convicted and received a sentence of probation in the other Kansas case. Defendant was convicted in Lancaster County with respect to the crime committed therein, and was sentenced to imprisonment for not less than 1 nor more than 2 years. The record indicates that the defendant has made restitution to the victims in these three cases, and that at the time of sentencing in the present case, he was in the process of making restitution to the victim in this case. The amount of money involved in the incident was significant. In the present case the bad check the defendant wrote was in the amount of $3,450.

It must first be noted that the minimum sentence imposed in this case exceeds that which is permissible under sections 28-1207 and 83-1,105, R. R. S. 1943. Section 28-1207, R. R. S. 1943, permits a sentence of not more than 5 years nor less than 1 year upon conviction of obtaining goods by false pretenses. Section 83-1,105, R. R. S. 1943, provides that the minimum sentence imposed by a trial court may not exceed one-third the maximum term provided by law. See State v. Ford, 194 Neb. 400, 231 N. W. 2d 515 (1975). The trial court, in this case, imposed a sentence of 2 to 5 years. Obviously, the minimum term imposed exceeded one-third of the maximum

term provided by section 28-1207, R. R. S. 1943. The State acknowledges in its brief that the minimum term imposed under section 28-1207, R. R. S. 1943, may not exceed 1 year, 8 months. Therefore, it is beyond dispute that this court must at least reduce defendant's minimum term to a term of 1 year, 8 months.

Defendant argues generally that he should have received, at most, a sentence of 1 to 2 years, which should run concurrently with the sentence he is serving for the crime committed in Lancaster County. Defendant argues that such a sentence would be sufficient in light of his good employment record, lack of a criminal record, family ties, and prior law-abiding conduct. See State v. Etchison, 188 Neb. 134, 195 N. W. 2d 498 (1972).

Although it is true that there are factors present in this case which support defendant's arguments, the crime committed by the defendant was of a serious nature. The trial court noted the defendant had committed repeated offenses. It stated that it believed there was a substantial risk the defendant might be involved in additional crime if he were placed on probation, that defendant was in need of correctional treatment, and that a lesser sentence would depreciate the seriousness of the crime. It is the rule that this court on appeal will not disturb a sentence within the statutorily prescribed limitations unless the trial court has abused its discretion. See State v. Garland, *ante* p. 459, 259 N. W. 2d 481 (1977).

We conclude that a sentence of imprisonment is appropriate in this case, but modify the minimum term imposed by the trial court to a term of 1 year, 8 months, so that the sentence is within the statutorily prescribed limitations. As ordered by the trial court, the sentence shall be served concurrently with the sentence imposed in the Lancaster County case, and the defendant shall be given credit on the

sentence in this case for the time he has served under the sentence in the Lancaster County case. With the exception of reducing the minimum term to 1 year, 8 months, we affirm the judgment of the District Court.

AFFIRMED AS MODIFIED.