**Alfred Leon CASON, Plaintiff,**

v.

**Charles E. ANDERSON, Defendant.**

Civ. A. No. 78–72153.

United States District Court,
E. D. Michigan, S. D.

March 15, 1979.

Alfred Cason, in pro. per.

William E. Molner, Asst. Atty. Gen., Frank J. Kelley, Atty. Gen., Lansing, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

JULIAN ABELE COOK, Jr., District Judge.

Petitioner, Alfred Leon Cason, currently confined at the State Prison for Southern Michigan at Jackson, Michigan, for possession of a firearm in an automobile brings this Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254. In support of his application, Petitioner contends that the state trial judge erred by admitting his confession into evidence after a hearing was conducted on the issue of voluntariness outside the presence of the jury, without specifically stating that he found the confession to have been voluntarily made.

On behalf of the Respondent Warden, the Attorney General for the State of Michigan has responded to Cason's petition with a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), and an alternative Motion for Summary Judgment under Fed.R.Civ.P. 56. They contend that the judge properly held a hearing outside the presence of the jury and his finding that the confession was entered in a voluntary manner and thus admissible should not be disturbed.

■ 28 U.S.C. § 2254 provides that Federal Courts shall entertain Petitions for Writs of Habeas Corpus from state prisoners on the grounds that they are in custody in violation of the Constitution or laws of the United States. Such a claim must allege a "fundamental defect which inherently results in a miscarriage of justice (or) an omission inconsistent with the rudimentary demands of fair procedure." *DeBerry v. Wolff*, 513 F.2d 1336, 1338 (8th Cir. 1975), citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Accordingly, mere irregularities in state court trial proceedings of a nonconstitutional dimension do not establish a basis for Federal habeas corpus jurisdiction.

■ In *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the Court reviewed the propriety of a New York procedure which permitted the trial judge to exclude a confession only if under no circumstances the confession could be deemed voluntary. If, however, there was conflicting evidence on the issue of voluntariness, the ultimate determination would be left to the jury. The Court held that the question of voluntariness of the Defendant's alleged confession must be made by the trial judge in a separate proceeding prior to submission of the confession to the jury. Furthermore, insofar as Federal questions concerning coercion under the Fifth Amendment were involved, the decision of the trial judge foreclosed the jury from passing upon the voluntariness question.

■ To comport with this Constitutional mandate, the Michigan Supreme Court in *People v. Walker*, 374 Mich. 331, 132 N.W.2d 87 (1965) held that the trial judge is directed to determine the voluntariness of a confession in a separate hearing (hereinafter a "Walker Hearing"). Further, once the Court determines that the confession is admissible, the jury is not permitted to consider the question of voluntariness; however, it is entitled to view the circumstances surrounding the confession to determine the weight and credibility to be given to it.

In the instant case, the Court conducted a "Walker Hearing" outside the presence of the jury. The first witness, a police officer, testified that he spoke with the Petitioner after he was arrested and advised him of his Constitutional rights as prescribed by the Supreme Court decision of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He claims that, when he asked the Petitioner whether he understood the enumerated rights, he received an affirmative reply. The officer also noted that, when he asked the Petitioner as to whether there were any questions, the Petitioner stated no. However, the Petitioner refused to sign the form which contained the *Miranda* rights. The police officer then said that he had a conversation with the Petitioner who admitted having thrown a gun out of his automobile window so the officer wouldn't find it on him. After the officer was cross-examined, the Court instructed the Petitioner that he could testify on his own behalf regarding his statement without waiving his right not to testify before the jury.

Thereupon, the Petitioner took the stand, and denied having made the above statement to the police officer. He admitted that his rights were read to him but he refused to sign the waiver form. The Petitioner also stated that he was not threat-

ened or intimidated or under any pressure to make a statement about the gun. At the conclusion of the hearing, the judge ruled "We will allow the statement to go before the jury." (Tr. 84)

Petitioner contends that the state judge did not expressly find, with "unmistakable clarity," that the confession was voluntarily made. *Simms v. Georgia*, 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967). In *Simms*, the Court noted:

> "Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. Here there has been absolutely no ruling on that issue and it is therefore impossible to know whether the judge thought the confession voluntary or if the jury considered it as such in the determination of guilt."

Although at first glance this language seems to imply that a judge must make an express finding on the record that a confession was voluntary, the Petitioner appears to have overlooked several important distinguishing factors. First, in *Simms*, a Georgia court allowed a *jury* to determine the issue of voluntariness in contravention of *Jackson*. The Georgia court improperly held that *Jackson* was not applicable because of the safeguards the Georgia laws erected around the use of confessions. Since the Court could not determine whether the trial judge had properly considered the voluntariness of the confession, the case was remanded as provided for in *Jackson*.

Second, the following language in *Jackson* is highly pertinent to the instant case:

> This procedure (New York procedure discussed *supra*) has a significant impact upon the defendant's Fourteenth Amendment rights. In jurisdictions following the orthodox rule, under which the judge himself solely and finally determines the voluntariness of the confession, or those following the Massachusetts procedure, under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused, *the judge's conclusions are clearly evident from the record since he either admits the confession into evidence if it is voluntary or rejects it if involuntary.* Moreover, his findings upon disputed issues of fact are expressly stated or may be ascertainable from the record. In contrast, the New York jury returns only a general verdict upon the ultimate question of guilt or innocence. It is impossible to discover whether the jury found the confession voluntary and relied upon it or involuntary and supposedly ignored it. Nor is there any indication of how the jury resolved disputes in the evidence concerning the critical facts underlying the coercion issue. Indeed, there is nothing to show that these matters were resolved at all, one way or the other.

*Jackson v. Denno*, 378 U.S. at 378–80, 84 S.Ct. at 1781–1782 (emphasis provided).

In the instant case, the judge, as noted above, conducted a separate hearing which conforms with the requirements of *Jackson*. *Id.* at 378–379, 84 S.Ct. 1774. Similarly, the admission into evidence of confession herein can be regarded as clearly evidencing the judge's conclusion that the confession was voluntary.

Finally, in *Mincy v. Arizona*, 437 U.S. 385, 397 n.12, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290 (1978), the Court rejected a Petitioner's contention that admission of his confession into evidence violated the rule of *Jackson*.

> The trial court made no findings of fact, nor did it make a specific finding of voluntariness, and the petitioner contends that admission of the statement therefore violated *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. We agree with the Arizona Supreme Court, however, that the finding of voluntariness 'appears from the record with unmistakable clarity.' *Simms v. Georgia*, 384 U.S. 538, 544, 87 S.Ct. 639, 17 L.Ed.2d 593.

Accordingly, it is not constitutionally required of a judge to affirmatively state on the record, at the conclusion of an independent hearing, that he finds the confession to have been voluntarily made. Rather, the question of the voluntariness of a confession turns on the effect of the totality of

the circumstances on the Defendant's will. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Boulden v. Holman*, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969). The Court must make that determination by at least a preponderance of the evidence, *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

In the present case, this Court finds that the state judge's implied conclusion that the confession was voluntarily made is supported by a preponderance of the evidence. As earlier pointed out, Petitioner admits he was fully informed of his Constitutional rights. He acknowledged his understanding of those rights, but raised no questions relating to them. In addition, the Petitioner admitted that he felt no pressure from the police officer to say anything. The fact that he refused to sign the waiver form is not necessarily indicative of any involuntary confession, *Hill v. Whealon*, 490 F.2d 629, 635 (6th Cir. 1974). However, all the circumstances indicate that the Petitioner was fully apprised of his right to remain silent and intelligently waived that right.

Accordingly, based upon the foregoing, the Petitioner's application for a Writ of Habeas Corpus is denied.