Willie HAYZES, Petitioner,

v.

Thomas ISRAEL, Respondent.

Civ. A. No. 77-C-164.

United States District Court,
E. D. Wisconsin.

Oct. 30, 1979.

William J. Tyroler, Asst. State Public Defender, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen. by Nadim Sahar, Asst. Atty. Gen., Madison, Wis., for respondent.

DECISION AND ORDER

REYNOLDS, Chief Judge.

The petitioner Willie Hayzes has filed an application for a writ of habeas corpus challenging his conviction in the county court for Rock County, Wisconsin, on November 15, 1972, of first degree murder in violation of § 940.01, Wis.Stats. Hayzes was sentenced on November 22, 1972, to a term of life imprisonment. His appeal to the Wisconsin Supreme Court was denied on June 17, 1974. For the following reasons, his application will be denied.

Hayzes contends that the trial court erred in failing to instruct the jury on the elements of manslaughter, § 940.05(1), Wis. Stats., of homicide by reckless use of a weapon, § 940.04(1), Wis.Stats., and of negligent use of a weapon, § 940.08. Hayzes shot a man in the course of a dispute over winning a bet, and his testimony at trial was that he and the other man were struggling when the gun discharged. The state presented witnesses who testified that after the victim refused to pay Hayzes the money which Hayzes felt was owing, he had stated that he was going to get the victim one way or another, had procured a gun, and had then told several people that he was going to use the gun to get Jackson. There were also witnesses to the shooting who testified that Hayzes had backed up a short distance from the car in which Jackson was sitting and shot him, and that while the two men had been arguing, the shot was not an accidental discharge.

The Wisconsin Supreme Court reviewed the evidence in the case, reviewed the elements of the crimes of manslaughter,

homicide by reckless use of a weapon, and negligent use of a weapon under Wisconsin law, and concluded that there was no " ' * * * reasonable ground in the evidence for acquittal on the greater charge and for conviction on the lesser charge,' " and no "reasonable doubt as to some particular element included in the higher degree of crime," and therefore that under the Wisconsin standards the lesser offenses should not have been submitted to the jury. (Exhibit C to Return at pages 6–7) The State now contends that this decision is binding on the federal courts, and that the petitioner's claim is not cognizable in a federal habeas corpus petition. The Court agrees. The petitioner contends, however, that the Wisconsin Supreme Court improperly applied its own standards in reviewing the evidence to determine whether instructions on the lesser offenses should have been given, and that this court should review the evidence, apparently under the Wisconsin standards, and make a de novo determination.

In *United States ex rel. Parker v. Gray,* 390 F.Supp. 70, 73 (E.D.Wis.1975), aff'd 530 F.2d 980 (7th Cir. 1976), while it ultimately did not decide the issue now presented, this Court stated:

"While failure to submit the lesser offense [in this case, second degree murder] to the jury where there is evidence to support a finding of guilt on the lesser offense is held to be reversible error, [citations omitted], there is no authority for the proposition that failure to instruct and submit a verdict on a lesser offense is a denial of the right to a trial by jury. Petitioner had a jury trial on the crime charged, first degree murder, and that is all the Constitution requires. If the jury found there was no intent to kill as required by § 940.01, it would have to acquit the defendant of first degree murder."

See also *United States ex rel. Waters v. Bensinger,* 507 F.2d 103, 105 (7th Cir. 1974), wherein the court held that the failure of the state trial court to give an alibi instruction was not a matter of constitutional dimension:

" * * * 'Normally . . . instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues.' * * * Except in extreme cases we federal judges are not the guardians of the guardians of state law."

The Court has now carefully reconsidered the issue presented to it in *Parker* and concludes as it did before that the application to the evidence of state standards on the elements of a crime in order to determine whether or not to instruct on lesser offenses is a matter of state substantive law, and the failure to so instruct does not raise an issue under the Sixth and Fourteenth Amendments. As a matter of due process, a federal court may review the sufficiency of the evidence to convict a defendant of the crime with which he was in fact charged, because it is fundamental that the Constitution protects a defendant from conviction " 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " *Jackson v. Virginia,* —— U.S. ——, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (—— U.S. at ——, 99 S.Ct. at 2787). Were a federal court to review and overturn a decision not to instruct on lesser offenses, however, when the state's highest court had previously considered the evidence in light of the state's definition of the elements of the crimes not charged, the federal court would in effect be overruling the state's highest court on a matter of substantive state law. See also *United States ex rel. Rooney v. Housewright,* 568 F.2d 516, 524 (7th Cir. 1977); *James v. Reese,* 546 F.2d 325 (9th Cir. 1976); *Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975); *DeBerry v. Wolff,* 513 F.2d 1336, 1339 (8th Cir. 1975); *Poulson v. Turner,* 359 F.2d 588, 591 (10th Cir. 1966), cert. denied 385 U.S. 905, 87 S.Ct. 219, 17 L.Ed.2d 136; *Gist v. State of Oklahoma,* 371 F.Supp. 541 (E.D.Okl.1974).

The Court recognizes the danger that a jury, rather than letting go free a defendant whom it believed guilty of some crime,

might convict him of the crime charged even though not supported by the evidence. That danger, however, is guarded against by the federal courts' duty to review the sufficiency of the evidence to support the conviction which was in fact obtained, *Jackson v. Virginia*, supra, and if the evidence is sufficient, then no violation of the defendant's rights has occurred.

For the foregoing reasons,

IT IS ORDERED that the application of Willie Hayzes for a writ of habeas corpus is denied.