The appellant, Terry Leon Carr, was convicted of the murder of George Woods and was sentenced to life imprisonment in the State penitentiary.
The victim occupied one half of a duplex at 1105 Lake Street in Opelika. The other half of the duplex, unit B, was occupied by Leonard Bailey. Bailey testified that on the evening of the murder, at approximately 9:30, he and the victim were sitting on their front porch talking. While they were on the porch, the appellant arrived. Bailey noted that the appellant carried a stick which appeared to be a broomstick. Appellant asked the victim, and then Bailey, for some money. Both told the appellant that they had none, but Bailey gave him a cigarette, which he smoked before departing for a nearby house.
Shortly thereafter, the appellant returned and talked to the victim and Bailey again. Soon thereafter, the victim got up and went into his apartment. It began to rain and Bailey told appellant that he was going to go into his apartment. Appellant told Bailey that he was going into the victim's apartment to use the bathroom.
After about five minutes Bailey went outside to lock his car and observed the appellant standing inside the victim's doorway. Bailey again went in his apartment. Approximately 15 minutes later Bailey heard a noise like someone stumbling and falling next door, and he heard the victim calling to him for help. Bailey called the police. At approximately this same time, another neighbor heard the victim's back door slam and looked out and saw a man walking away from the victim's back door. This witness positively identified the appellant as the man he saw.
When the police arrived, they observed a black male standing behind the victim's duplex. They noted that he had on brown shorts, white shoes, and a shirt which gave the appearance that his shoulders were bare. After they had observed this man for several seconds, the man fled and they were unable to apprehend him. The officers then entered the victim's apartment, where they discovered the victim lying *Page 1296 
dead upon the floor. He had been stabbed 55 times.
Portions of a broken broomstick, which Bailey believed was the same one that appellant had had earlier, were found in the victim's apartment near his body and also along the path the fleeing man took.
When the appellant was apprehended later on the night of the murder, he was wearing white tennis shoes and socks, brown shorts, and a light colored shirt with dark colored shoulders and sleeves. Analysis revealed that blood was present on each of these items. The blood was determined to match the victim's blood in every respect and was also determined not to match the appellant's own blood. Flecks of paint from the broomstick were found on the appellant's shorts.
 I
The appellant first argues that the evidence does not sustain a conviction for murder. The test for determining a conviction based upon circumstantial evidence is set forth in Cumbo v.State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied,368 So.2d 877 (Ala. 1979):
 "In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir. 1974); United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971); Clark v. United States, 293 F.2d 445 (5th Cir. 1961)."
Cumbo v. States, 368 So.2d at 874. By applying the standard set forth in Cumbo, supra, to the facts of this case, we find that there was more than ample evidence to allow the jury to exclude every reasonable hypothesis except that of guilt.
 II
The appellant next contends that the State did not disclose to him a scabbard found in the victim's home and a statement which he gave to the police, as he requested in his motion to produce. The motion to produce was general in nature and requested the following:
 "(1) All statements by the Defendant and all Co-defendants, both written, oral and recorded, (2) pictures of the scene, (3) accident and or investigation reports, (4) statements by witnesses expected to testify in the above styled case, (5) pictures used in any identification of the defendant, (6) all results or reports of physical examinations or scientific tests or experiments, (7) any and all exculpatory statements, exhibits or evidence, (8) and tangible documents or evidence expected to be introduced at trial."
The record reveals that trial counsel, who is also appellate counsel, did not appear on motion day to request that this motion be granted. In addition, it appears that defense counsel at no time prior to trial made inquiry as to why the motion was not granted.
This court has previously held where a "motion to produce was a 'scatter-gun' motion seeking to have the District Attorney to open his files for an unlimited excursion therein" that the motion could properly be denied. Hurst v. State, 54 Ala. App. 254, 307 So.2d 62, cert. denied, 293 Ala. 548, 307 So.2d 73
(1974); see also Goodman v. State, 401 So.2d 208 (Ala.Cr.App. 1981). The motion in this case was very similar in nature to the motion in Hurst, and can be classified as being of the "scatter-gun" variety.
The first item which the appellant contends should have been disclosed was a scabbard. Appellant objected to its introduction, but when questioned by the trial court was unable to state how he would be prejudiced by its introduction. He merely stated that had he seen it earlier he might have been able to establish that it was a scabbard for a pair of pliers. Furthermore, the scabbard was never linked to appellant in any way. It was merely found on a shelf at the victim's residence and could *Page 1297 
very well have belonged to the victim. We can conceive of no way in which the appellant was damaged by the introduction of this item.
The second item which the appellant contends should have been disclosed to him was his statement to Officer Thomas Barnes. The appellant did not admit guilt in the statement. Counsel argued that because the statement was not disclosed prior to trial, he did not have time to determine if it was voluntary. Counsel, at this time, agreed to allow appellant to testify, outside the presence of the jury, on the limited issue of whether the statement was made voluntarily. Officer Barnes testified first, outside the presence of the jury, that no one in his sight, presence, or hearing offered appellant any reward or hope of reward or made any threats in order to induce appellant to make the statement. After this testimony, counsel retracted his request to put appellant on the stand to testify on this issue, seemingly abandoning this objection; however, counsel renewed his objection, without stating particular grounds.
Appellant now contends that the failure to disclose the scabbard and the statement to Officer Barnes constituted a violation of his right to exculpatory evidence as set forth inBrady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215
(1963). To establish a Brady violation, the appellant must prove: "(1) the prosecution's suppression of evidence; (2) the favorable character of the suppressed evidence for the defense; (3) the materiality of the suppressed evidence." Monroe v.Blackburn, 607 F.2d 148, (5th Cir. 1979); Knight v. State,478 So.2d 332 (Ala.Cr.App. 1985).
We have addressed the issue of the nondisclosure of the scabbard and have determined that it was neither inculpatory nor exculpatory with regard to appellant, as it was never linked to him in any way. Therefore, the nondisclosure of the scabbard can not be a Brady violation, because it fails to meet the requirements as set forth above.
We must now determine if the nondisclosure of the statement made to Officer Barnes by appellant constituted a suppression of evidence sufficient to cause a Brady violation. The term suppression means "non-disclosure of evidence that the prosecutor, and not the defense attorney, knew to be in existence." Ogden v. Wolff, 522 F.2d 816, 820 (8th Cir. 1975). "Evidence is not 'suppressed' if the defendant either knew . . . or should have known . . . of the essential facts permitting him to take advantage of any exculpatory evidence." UnitedStates v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982). There can be no suppression by the State of evidence already known by and available to the defendant prior to trial. DeBerry v. Wolff,513 F.2d 1336, 1340 (8th Cir. 1975). The statement the appellant contends was suppressed in this case was his own, and no reason was set forth to explain why he should not have been aware of it. Pursuant to the above authority, no suppression, and consequently no Brady violation, could occur here, as appellant had knowledge of the statement allegedly suppressed.
Consequently, due to defense counsel's failure to appear to argue his discovery motion, the "scatter-gun" nature of the motion, and the lack of a Brady violation, we find that the trial court did not err by not acting on the motion, and the appellant was not prejudiced by the nondisclosure.
For the foregoing reasons, the decision of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.