Pernell Ford appeals from an order denying his Rule 20, A.R.Cr.P.Temp., petition. We affirm.
In 1984, Ford was convicted of capital murder of Linda Gail Griffith and her mother, Willie C. Griffith, committed during the course of a burglary. § 13A-5-40(a)(4), Code of Alabama 1975. The facts show that the Griffiths died as a result of multiple stab wounds. Willie C. Griffith, who was 74 years old and suffering from arthritis, watched helplessly as Ford killed her daughter, Linda. Ford then turned his attention to Willie C. Griffith and killed her. Ford was tried, was convicted, and was sentenced to death.
Additional facts surrounding Ford's crime, his trial, and the conviction are set out in detail in this Court's opinion inFord v. State, 515 So.2d 34 (Ala.Cr.App. 1986), affirmed,515 So.2d 48 (Ala. 1987).
Following his conviction and death sentence, Ford appealed directly to this Court. This Court affirmed. Ford, supra. On March 25, 1986, this Court denied an application for rehearing. The Supreme Court of Alabama affirmed Ford's conviction and sentence of death. Ex parte Ford, 515 So.2d 48 (Ala. 1987). Rehearing was denied on September 25, 1987. The Supreme Court of the United States denied Ford's petition for writ of certiorari on February 22, 1988. Ford v. Alabama,484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988).
In his Rule 20 petition, Ford claims the trial court erred by holding that he had received effective assistance of counsel. *Page 112 
The ground that Ford was denied effective assistance of counsel is without merit. Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established the standard to be used in deciding whether there had been ineffective assistance of counsel. The two components necessary are:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."
Ford has not met the burden cast upon him byStrickland. The constitution guarantees a criminal defendant only a fair trial and a competent attorney. Engle v. Isaac,456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); United Statesv. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The record shows that Ford had a fair trial and that he had competent counsel in all of the proceedings involving his case — procedurally and substantively.
Additional grounds alleged by Ford in his petition include: 1. The trial court incorrectly denied his claim regarding his right to proceed pro se.
2. The trial court erred by denying his claim of his competency to waive counsel.
3. He should have been provided additional safeguards because he decided to proceed pro se.
4. The voir dire was not conducted in such a manner as to ensure a fair, unbiased, and impartial jury.
5. The crime of burglary should not have been used as an aggravating circumstance in sentencing him.
6. The crime of stabbing the victims to death was not especially heinous, atrocious, or cruel.
7. Ford's right to trial by jury was denied when the trial court permitted four prospective jurors to be stricken because they did not believe in the death penalty.
8. The trial court erred in denying Ford's request for expert psychological assistance of his own choosing at the Rule 20 hearing.
The grounds alleged by Ford in paragraphs 1 through 7 are precluded under Rule 20.2(a)(1) through (5), A.R.Cr.P., Temp., are without merit, and are rejected.
Finally, Ford asserts that the trial court in the Rule 20 hearing erred by denying him the assistance of a psychologist of his own choosing in that hearing. No court has ever held that a criminal defendant is entitled to a psychologist, paid for by the State, in a post-conviction proceeding. Indeed, Ford acknowledges in his brief that no court has held ever that a criminal defendant is entitled to the assistance of a psychologist of his own choosing. Ford seeks to expand the court's holding in Ake v. Oklahoma, 470 U.S. 68,105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). Ake required the State to provide a psychologist for a criminal defendant at his trial if his sanity at the time of the offense was likely to be a significant factor. Under Ake, the assistance of a psychologist is limited to trial proceedings only. No other authority is cited by Ford. This ground is without merit.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Alabama Supreme Court justice, and his opinion is hereby adopted as that of the court.
AFFIRMED.
All Judges concur. *Page 113