Pernell Ford was convicted of capital murder for the deaths of Linda Gail Williams and her mother Willie C. Williams; Ford was sentenced to death. His conviction and sentence were affirmed on direct appeal. See Ford v. State, 515 So.2d 34
(Ala.Crim.App. 1986), aff'd, 515 So.2d 48 (Ala. 1987), cert.denied, 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988).
Ford filed a Rule 32, A.R.Cr.P., petition,[1] alleging various grounds for relief. Ford also alleged that he was entitled to the assistance of a mental health expert of his choosing at the Rule 32 hearing; the trial court appointed a psychologist to assist Ford, but not the one he had requested. After a hearing on the petition, the trial court denied the relief requested and Ford appealed.
The Court of Criminal Appeals affirmed the trial court's denial of the Rule 32 petition and its decision regarding Ford's request for a psychologist. In its opinion, the court stated, "The record shows that Ford had a fair trial and that he had competent counsel in all of the proceedings involving his case — procedurally and substantively." Ford v. State,630 So.2d 111, 112 (Ala.Crim.App. 1991). The court also stated that two of the grounds for relief stated by Ford in his petition were: (1) "The trial court incorrectly denied [Ford's] claim regarding his right to proceed pro se"; and (2) "The trial court erred by denying [Ford's] claim of his competency to waive counsel." Id.
The opinions on direct appeal; the trial record; the record from the hearing on the Rule 32 petition; and the briefs from the State and the defendant show that the Court *Page 114 
of Criminal Appeals erred in finding (1) that Ford was represented by counsel; (2) that Ford's Rule 32 petition alleged that the trial court had denied his request to proceed pro se; and (3) that Ford's Rule 32 petition alleged that the trial court had denied Ford's claim that he was competent to waive counsel. The opinion of the Court of Criminal Appeals on direct appeal stated:
 "The trial court determined that the defendant was competent to stand trial and was fully capable of knowingly and intelligently choosing to represent himself. He granted the defendant's request to proceed pro se. . . .
 "During the trial, the defendant made no opening statement, no objections or motions, and did not present a defense. He tendered no requested jury charges and did not object to the court's oral charge. He did make a closing argument to the jury. Later, during the sentencing phase of the trial, he allowed his appointed attorneys to assist him."
Ford, 515 So.2d at 40.
Also, the record on appeal from the Rule 32 proceeding shows that Ford alleged the following grounds for relief:
 "a). The defendant's conduct demonstrates that he did not have the requisite mental capacity to waive his right to counsel.
 "b). The Court inappropriately questioned the defendant['s] court appointed attorney about [Ford's] capacity [to waive his right to counsel], creating an unfair conflict of interest between the defendant and his attorney.
 "c). The defendant demonstrated an inability to competently handle any aspects of his own defense.
 "d). The defendant's failure to object to questions during testimony, to cross-examine witnesses or present testimony can not be seen to have been directed toward any reasonable tactical purpose.
 "e). the Court failed to request additional psychiatric evaluation [as] this defendant['s] conduct became [more] and more bizarre.
 "f). The trial was potentially unfair and lacked due process because the defendant['s] mental capacity was never placed before the jury as a defense of insanity or diminished capacity.
 "g). It is manifestly unjust to allow a defendant to represent himself in a capital case.
 "h). That it is unconstitutional to sentence to death someone who was 18 years old at the time of the above reasons who represented himself and none of the grounds for new trial have been waived because the defendant had neither the mental capacity, training or knowledge to properly protect the record.
 "i). Because of the defendant's mental incompetence the jury was not permitted to consider the possible insanity or diminished capacity of the defendant as a defense and the defense could not be properly placed before the jury.
 "j). The failure to transcribe the record of oral arguments to the jury deprived the defendant of the opportunity to raise any impropriety in argument on appeal.
 "k). The voir dire did not ensure that racial an[d]/or other biases of prospective jurors could be determined so that a fair and impartial jury could be selected.
 "l). Because of the defendant's own representation, the jury could not consider the defendant's mental condition in regard to the claim of aggravating circumstances or in relationship to mitigating circumstances.
 "m). Photographs of the victims were shown to the jury which were prejudicial with no objection."
These grounds are precluded by Rule 32.2(a)(4), A.R.Cr.P. (grounds that "[were] raised or addressed on appeal") and Rule 32.2(a)(5) (grounds that "could have been but [were] not raised on appeal").
The petition also alleges ineffective assistance of trial counsel on the following grounds: (1) failure to file a pretrial motion to test whether certain in-custody statements *Page 115 
were admissible; (2) failure to seek a change of venue; and (3) failure to appeal from the trial court's refusal to allow individual voir dire examination of the jurors. These allegations are without merit. See Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (in order to establish ineffective assistance of counsel, defendant must show that counsel's performance was deficient and that the deficient performance was prejudicial).
Ford's petition also alleges that he is entitled to a new trial because, he says, his right to waive counsel became void when, he further argues, his lack of competence to waive counsel became apparent by his bizarre behavior at trial. This ground is precluded by Rule 32.2(a)(5), A.R.Cr.P.
The Court of Criminal Appeals erred in finding that the petition it was reviewing was one alleging that Ford had been denied the right to proceed pro se, and it erred in holding that Ford had been represented by "competent counsel in all of the proceedings involving his case." Ford v. State, 630 So.2d at 112. That holding conflicts with the prior decision in the Court of Criminal Appeals, 515 So.2d 34, and with this Court's decision, Ex parte Ford, 515 So.2d 48, both of which found that Ford had been found competent to waive counsel, that he had waived counsel, and that he had appeared pro se. However, after reviewing the record and the briefs before this Court, we conclude that the trial court properly denied Ford's Rule 32 motion. The ineffective-assistance-of-counsel claims, quoted above, are without merit, and the other grounds for relief, quoted above, are precluded by Rule 32.2(a)(4) and (a)(5), A.R.Cr.P. We also conclude that the Court of Criminal Appeals properly affirmed the trial court's denial of Ford's request for the assistance of a mental health expert of his own choosing. Therefore, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
MADDOX, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] Ford's petition was filed in September 1988, under Rule 20, Ala.Temp.R.Crim.P. Rule 1.5, A.R.Cr.P., states that the current "rules shall govern all criminal proceedings without regard to when the proceeding was commenced." Therefore, Ford's petition for post-judgment relief is governed by Rule 32, A.R.Cr.P., and this opinion will refer to Ford's petition as a "Rule 32 petition."