Pernell FORD, Petitioner-Appellant,

v.

Michael W. HALEY, Commissioner, Alabama Department of Corrections, Respondent-Appellee.

No. 99-10895.

United States Court of Appeals,

Eleventh Circuit.

July 7, 1999.

Appeal from the United States District Court for the Northern District of Alabama. (No. 95-03020-CV-B-S), Sharon Lovelace Blackburn, Judge.

Before ANDERSON, Chief Judge, and DUBINA and HULL, Circuit Judges.

PER CURIAM:

This appeal involves Ford's first § 2254 habeas petition in his capital case. LaJuana Davis ("Davis"), acting as counsel for Pernell Ford ("Ford"), has filed in Ford's name a Motion for a Stay of Ford's execution. Ford's execution is scheduled for 12:01 a.m. on Friday, July 9, 1999. The district court dismissed with prejudice Ford's § 2254 habeas petition, finding Ford was mentally competent to dismiss his counsel and dismiss that petition. On July 6, 1999, the district court issued a certificate of probable cause for Ford to appeal its dismissal of his § 2254 habeas petition.[1] Therefore, this Court grants Ford's Motion for a Stay of Execution pursuant to Eleventh Circuit Rule 22-3, which we attach as an appendix to this opinion.

I. PROCEDURAL HISTORY

Appellant Ford was convicted of two murders and sentenced to death. The evidence is summarized in the opinions of the Alabama appellate courts affirming Ford's conviction and sentence. *Ford v. State,* 515 So.2d 34 (Ala.Crim.App.1986), *aff'd,* 515 So.2d 48 (Ala.1987), *cert. denied,* 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988); *Ford v. State,* 630 So.2d 111 (Ala.Crim.App.1991) (affirming the denial of Ford's

---

[1]Because Ford's § 2254 habeas petition was filed in 1995, Davis properly sought a certificate of probable cause to appeal, as opposed to a certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2253(c) (1996).

state habeas petitions), *aff'd,* 630 So.2d 113 (Ala.1993), *cert. denied,* 511 U.S. 1078, 114 S.Ct. 1664, 128 L.Ed.2d 380 (1994).

On November 21, 1995, Ford filed a § 2254 habeas petition in the United States District Court for the Northern District of Alabama. On May 30, 1997, Ford filed a motion to dismiss his habeas petition. Before allowing the petition to be dismissed, the Magistrate Judge selected Dr. Rollins, from the names submitted by Ford's attorney, to examine Ford. After examining Ford, Dr. Rollins submitted his psychiatric evaluation giving his opinion that Ford was competent to dismiss his attorney and his § 2254 habeas petition. On June 10, 1998, an evidentiary hearing was held wherein both Ford and Dr. Rollins were questioned by the Magistrate Judge, and Ford's attorney. Subsequently, Dr. Rollins re-examined Ford and the Magistrate Judge held a telephone conference with all parties and questioned Ford again. Davis subsequently submitted another mental evaluation of Ford by Dr. Pincus. In his report, Dr. Pincus gave his opinion that Ford was not competent to dismiss his attorney and his § 2254 habeas petition.

Thereafter, the Magistrate Judge issued a detailed Report recommending that Ford be found mentally competent to dismiss his attorney and to dismiss, with prejudice, his § 2254 habeas petition. The Magistrate Judge found, *inter alia,* that Dr. Rollins's report was more persuasive than Dr. Pincus's. On March 31, 1999, the federal district court in Alabama issued a detailed order finding Ford mentally competent, granting Ford's request to dismiss his attorney, granting his motion to dismiss his habeas petition, and dismissing with prejudice Ford's § 2254 habeas petition.

On April 14, 1999, Davis, signing as Ford's attorney, filed, in Ford's name, a Motion to Alter and Amend the Judgment, a Notice of Appeal of the district court's order dated March 31 dismissing with prejudice Ford's § 2254 habeas petition, and a Motion for Stay of Execution in the district court. On July 1, 1999, the district court denied the Motion to Alter and Amend and the Motion for Stay of Execution.

On July 6, 1999, Davis, signing as Ford's attorney, filed a Notice of Appeal of the district court's July 1 order denying the Motion to Alter and Amend and the Motion for a Stay of Execution.[2] On July 6, Davis also filed a Motion for Certificate of Probable Cause to Authorize Appeal, which the district court granted. In its July 6, 1999 order, the district court stated as follows:

> [T]he court has considered the fact that this is a capital case involving issues that are "debatable among jurists of reason" and that "a court could resolve the issues in a different manner." While this court has resolved the issues against Petitioner, and is confident of the correctness of its decision, the foregoing findings by the court are sufficient to authorize the issuance of a certificate of probable cause under *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), thus allowing Petitioner's counsel to appeal this court's grant of Petitioner's request to waive his appeals, to dismiss counsel and the dismissal of a writ of habeas corpus in this death penalty case. Accordingly, it is *ORDERED* that the certificate of probable cause is hereby issued.

## II. DAVIS'S STANDING

The Appellee contends that the Notices of Appeal and Motion for Stay of Execution, filed by Davis in Ford's name, should be dismissed because the district court found Ford was mentally competent, and thus Davis lacks standing to pursue this appeal as Ford's attorney. If we conclude that the district court's finding that Ford is mentally competent is not clearly erroneous, then the district court correctly honored Ford's wishes to dismiss his attorney and his § 2254 habeas petition. *See Whitmore v. Arkansas,* 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *Gilmore v. Utah,* 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976); *Lonchar v. Zant,* 978 F.2d 637 (11th Cir.1992). Accordingly, Davis, no longer Ford's attorney, would lack standing to pursue Ford's case further. However, if the district court's finding is clearly erroneous and Ford is mentally incompetent, then the dismissals of Davis and the petition were in error, and Davis may be entitled, as Ford's attorney, to pursue Ford's § 2254 habeas petition.

In other words, Davis's standing in this appeal ultimately may depend on the limited issue of whether the district court's factual finding that Ford is mentally competent is clearly erroneous. *See Whitmore v.*

---

[2]Davis's first Notice of Appeal, filed April 28, 1999, may have been premature but remains effective. Fed.R.App.P. 4(a)(4)(B)(i). The Motion to Alter or Amend tolled the time for appeal. Fed.R.App.P. 4(a)(4). Together, the two Notices of Appeal are sufficient to appeal both the district court's March 31 and July 1, 1999 orders. Fed.R.App.P. 4(a)(4)(B)(i), (ii).

3

*Arkansas,* 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *Gilmore v. Utah,* 429 U.S. 989, 97 S.Ct. 515, 50 L.Ed.2d 602 (1976), *stay vacated,* 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976). Thus, at this juncture, Davis appears to retain standing to the limited extent necessary to file this appeal and to challenge the district court's findings that Ford is mentally competent to dismiss Davis as his counsel and his § 2254 habeas petition with prejudice. Otherwise, a district court would be able to find a defendant mentally competent in a capital case to dismiss his counsel and dismiss with prejudice his first § 2254 habeas petition in a federal court and there never would be any appeal or review of that contested mental competency ruling.

Likewise, at this juncture Davis appears to retain standing to seek a stay of execution to the limited extent necessary to prosecute this appeal of the district court's mental competency rulings in Ford's first habeas petition. The district court issued a certificate of probable cause based on its finding that Ford's mental competency to dismiss his capital appeals involves "issues that are 'debatable among jurists of reason' and that 'a court could resolve the issues in a different manner.'" When non-frivolous issues are presented on appeal in a capital case, the Supreme Court has made it clear that a stay of execution should be issued, even if only temporarily, when a stay is needed for the court to address such issues before the appeal becomes moot. *See Barefoot v. Estelle,* 463 U.S. 880, 893-94, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). Thus, since Davis appears to have limited standing to pursue the district court's mental competency rulings, Davis necessarily also has limited standing to move for a stay of Ford's execution while this Court hears that appeal in order to prevent the appeal from becoming mooted by Ford's execution.[3]

### III. STAY OF EXECUTION

This brings us to whether the Motion for a Stay of Execution should be granted under the circumstances of this first § 2254 habeas petition in a capital case. We attach Eleventh Circuit Rule 22-3

---

[3]The standing issue here is arguably akin to a court's having limited jurisdiction to determine its own jurisdiction. While we find Davis has made a sufficient showing of standing to be able to pursue this appeal at this juncture, questions do arise regarding Davis's status, as she is no longer Ford's attorney and is not filing this appeal as his next friend, and the effect, if any, on her standing. We carry those jurisdictional issues with the appeal.

because it provides the answer to this question. Under this Circuit's Rule 22-3(a)(7), "[i]f a certificate of appealability is granted by the district court or by this Court, the panel *shall* grant a temporary stay pending consideration of the merits of the appeal if necessary to prevent mooting the appeal...." 11th Cir.R. 22-3(a)(7) (emphasis added). Certificates of probable cause are the prior equivalent of certificates of appealability. *Hardwick v. Singletary,* 126 F.3d 1312, 1313 (11th Cir.1997) ("Notwithstanding a marginal variance in the language identifying the necessary showing with respect to certificates of probable cause and appealability, we conclude that the standard governing certificates of probable cause and certificates of appealability is materially identical.").

The district court has granted a certificate of probable cause and a temporary stay of the July 9 execution is clearly necessary to prevent the mooting of this appeal filed July 6. Therefore, Eleventh Circuit Rule 22-3(a)(7) directs that we shall grant a temporary stay of the July 9 execution until further order of this Court. *See Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

We recognize that subsections (i) and (ii) of our Circuit Rule 22-3(a)(7) permit exceptions to this grant of a stay after a certificate has been issued by the district court; however, neither exception applies under the particular factual circumstances revealed in the record in this case. First, we do not find that the district court abused its discretion in finding the appeal was non-frivolous and in issuing the certificate of probable cause. *See Barefoot v. Estelle,* 463 U.S. 880, 893-94, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). In fact, the Appellee has not cross-appealed the district court's grant of that certificate as of this juncture. Also, this appeal does not involve a successive habeas petition.

### IV. APPEAL SCHEDULE

Finally, pursuant to the last paragraph in our Circuit Rule 22-3(a), we conclude that at this late date the merits of this appeal, filed on July 6, 1999, cannot be appropriately addressed and decided concurrently with a decision on the motion to stay. However, we do find that good cause clearly exists for an advanced briefing schedule and oral argument.

5

This appeal involves only the limited issue of whether the district court was clearly erroneous in its factual finding that Ford is mentally competent to dismiss his counsel and dismiss his § 2254 petition.  Ford has been requesting dismissal of his § 2254 habeas petition since May 1997.  In fact, in a letter dated May 9, 1999, Ford again expressed his desire that his execution date be set and that his execution be carried out. Thus, for good cause shown, the Court advances the briefing schedule and oral argument in this appeal. Appellant's brief shall be due on July 22, 1999;  Appellee's brief shall be due on August 5, 1999;  Appellant's reply brief shall be due on August 12, 1999;  and, oral argument is scheduled for August 18, 1999 at 2:00 p.m. in Atlanta, Georgia.  The Clerk immediately shall issue oral argument and briefing notices to all parties.

## V. STAY

The Court grants the Motion to Stay Execution and temporarily stays the execution of Pernell Ford pending further order of this Court.

## APPENDIX

11th cir. R. 22-3 <u>Petitions in Capital Cases Pursuant to 28 U.S.C. §§ 2254 and 2255</u>.

(a) <u>Stay Cases</u>

(1) The following rules shall apply to cases brought pursuant to 28 U.S.C. §§ 2254 and 2255 in which a court has imposed a sentence of death, execution has been ordered, a United States District Court has denied a motion to stay execution pending appeal, and the petitioner has appealed to this court and has applied for a stay of execution.  Except as changed by these rules the provisions of 11th Cir. R. 27-1 shall apply.

(2) Upon the filing of the notice of appeal in a case where the district court has denied a stay, the clerk of the district court shall immediately notify the clerk of this court by telephone of such filing.

(3) An original and four copies of the motion for stay of execution and petition for certificate of appealability (if not granted by the district court) shall be filed with the clerk of this court together with documents required by 11th Cir. R. 27-1.

6

(4) Upon receipt of the notice of appeal and motion for stay (and petition for certificate of appealability, if not granted by the district court), the clerk shall docket the appeal and assign it to a panel constituted by the court from a roster of the active judges of the court maintained for the purposes of these rules. The clerk shall notify the judges of the panel of their assignment by telephone or other expeditious means. The panel to which the appeal is assigned shall handle all matters pertaining to the motion to stay, petition for certificate of appealability, the merits, second or successive petitions, remands from the Supreme Court of the United States, and all incidental and collateral matters, including any separate proceedings questioning the conviction or sentence.

(5) The panel shall determine whether oral argument will be heard on the motion to stay and all other matters pertaining to the appeal.

(6) If the district court has refused to grant a certificate of appealability, and this court also denies a certificate of appealability, no further action need be taken by the court.

(7) If a certificate of appealability is granted by the district court or by this court, the panel shall grant a temporary stay pending consideration of the merits of the appeal if necessary to prevent mooting the appeal; provided, however, the panel may, after hearing, deny a stay if it makes written findings that:

(i)     the appeal is frivolous, or is lacking any factual basis in the record, or is squarely foreclosed by statute, rule, or authoritative court decision;  or

(ii)    the petition is successive, and the requirements for dismissal are met.

The panel may conclude that the merits of the appeal can be appropriately addressed and decided with a decision on the motion to stay. To do so, the panel must conclude that the record before it is adequate and that it can reach a considered decision on the merits. Additionally, counsel must be given notice to address the merits along with the application for a stay, must have adequate opportunity to brief the appeal on the merits, and must be given the opportunity for oral argument on the merits. Notwithstanding the authority of the panel to decide the merits along with the motion to stay, the delay that is avoided by such expedited procedures will not ordinarily warrant departure from the normal, untruncated processes of appellate review

7

in the appeal of a first or original writ of habeas corpus in federal court. Thus, in a first or original writ appeal, in the absence of good cause shown, the panel handling the appeal will allow the ordinary briefing schedule for appeals to the extent feasible; the panel may, however, set the appeal for hearing on an advanced basis.

(b) <u>Non-Stay Cases</u>

(1) In appeals from judgments and orders entered pursuant to 28 U.S.C. §§ 2254 and 2255 in capital cases, if petitioner has been granted a certificate of appealability by the district court and no stay of execution has been entered by the district court, and a stay of execution is not sought of the court of appeals, the appeal shall proceed under the Federal Rules of Appellate Procedure, the Eleventh Circuit Rules, and the usual policies of this court. The appeal will be assigned for oral argument and set for hearing on an advance basis before an oral argument panel selected from a roster of the court maintained for the purposes of these rules. The ordinary briefing schedule for appeals will be followed to the extent feasible.

(c) <u>Motion for Order Authorizing Second or Successive Habeas Corpus Application</u>. A motion in the court of appeals for an order authorizing the district court to consider a second or successive habeas corpus application shall be assigned to the panel constituted under section (a)(4) of this Rule to consider habeas corpus appeals, petitions or other related matters with respect to the same petitioner.

* * * *