BASCHAB, Judge.
On June 16, 1999, the appellant, Joe Nathan James, Jr., was convicted of the capital offense of burglary-murder for the killing of Faith Hall.[1] See § 13A-5-40(a)(4), Ala.Code 1975. By a vote of 12-0, the jury recommended that he be sentenced to death. On July 9, 1999, the trial court accepted the jury’s recommendation and sentenced the appellant to death. We affirmed his conviction and sentence, see James v. State, 788 So.2d 185 (Ala.Crim. App.2000); the Alabama Supreme Court denied his petition for certiorari review; and the United States Supreme Court denied his petition for certiorari review, see James v. Alabama, 532 U.S. 1040, 121 S.Ct. 2005, 149 L.Ed.2d 1007 (2001). This court issued a certificate of judgment on December 15, 2000.
On May 7, 2002, the appellant filed a Rule 32 petition, challenging his conviction and sentence, and he subsequently amended his petition. After the State responded, the circuit court conducted an evidentiary hearing and denied the petition. This appeal followed.
The appellant raises several arguments, including claims that his attorneys rendered ineffective assistance at trial and on direct appeal. In reviewing the circuit court’s rulings on the appellant’s arguments, we apply the following principles:
“ ‘ “[T]he plain error rule does not apply to Rule 32 proceedings, even if the case involves the death sentence.” Thompson v. State, 615 So.2d 129 (Ala.Cr.App.1992).’ Cade v. State, 629 So.2d 38, 41 (Ala.Crim.App.1993), cert. denied, [511] U.S. [1046], 114 S.Ct. 1579, 128 L.Ed.2d 221 (1994).
“In addition, ‘[t]he procedural bars of Rule 32 apply with equal force to all cases, including those in which the death penalty has been imposed.’ State v. Tarver, 629 So.2d 14, 19 (Ala.Crim.App.1993).”
Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995).
“To prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that his counsel’s performance was deficient and (2) that he was prejudiced as a result of the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
“ ‘The appellant must show that his counsel’s performance was unreasonable, considering all of the attendant circumstances.... “[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel’s *337 challenged conduct on the facts of the particular case, viewed as of the time of counsel’s conduct.” Strickland, 466 U.S. at 690, 104 S.Ct. at 2066.’
“Duren v. State, 590 So.2d 360, 362 (Ala.Cr.App.1990), aff'd, 590 So.2d 369 (Ala.1991), cert. denied, [503] U.S. [974], 112 S.Ct. 1594, 118 L.Ed.2d 310 (1992).
“When this court is reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel’s conduct was appropriate and reasonable. Luke v. State, 484 So.2d 531, 534 (Ala.Cr.App.1985). The burden is on the appellant to show that his counsel’s conduct was deficient. Luke.
“ ‘Judicial scrutiny of counsel’s performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action “might be considered sound trial strategy.” There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.’
“Strickland, 466 U.S. at 689, 104 S.Ct. at 2065-66. (Citations omitted.) Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.Cr.App.1987).
“Initially we must determine whether counsel’s performance was deficient. We must evaluate whether the action or inaction of counsel of which the petitioner complains was a strategic choice. ‘Strategic choices made after a thorough investigation of relevant law and facts are virtually unchallengeable....’ Lawley, 512 So.2d at 1372. This court must avoid using ‘hindsight’ to evaluate the performance of counsel. We must evaluate all the circumstances surrounding the case at the time of counsel’s actions before determining whether counsel rendered ineffective assistance. Falkner v. State, 586 So.2d 39 (Ala.Cr.App.1991).”
Hallford v. State, 629 So.2d 6, 8-9 (Ala.Crim.App.1992).
“In determining whether a defendant has established his burden of showing that his counsel was ineffective, we are not required to address both considerations of the Strickland v. Washington test if the defendant makes an insufficient showing on one of the prongs. Id. at 697, 104 S.Ct. at 2069. In fact, the Court explained that ‘[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.’ Id. We defer to this guidance and address the ‘prejudice’ prong, for ‘[w]ith respect to the prejudice component, the lack of merit of [Thomas’s] claim is even more stark.’ Id. at 699, 104 S.Ct. at 2070.”
Thomas v. State, 511 So.2d 248, 255 (Ala.Crim.App.1987) (footnote omitted).
“Furthermore, to render effective assistance, an attorney is not required to raise every conceivable constitutional *338 claim available at trial and on appeal. Holladay v. State, 629 So.2d 673 (Ala.Cr.App.1992), cert. denied, 510 U.S. 1171, 114 S.Ct. 1208, 127 L.Ed.2d 555 (1994); McCoy v. Lynaugh, 874 F.2d 954, 965-66 (5th Cir.1989). Rather, counsel must be given some discretion in determining which claims possibly have merit, and thus a better chance of success, and which claims do not have merit, and thus have little chance of success. Heath v. State, 536 So.2d 142 (Ala.Cr.App.1988); Smith v. Murray, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).”
Davis v. State, 720 So.2d 1006, 1014 (Ala.Crim.App.1998). In addition,
“[t]he purpose of ineffectiveness review is not to grade counsel’s performance. See Strickland [v. Washington], [466 U.S. 668,] 104 S.Ct. [2052] at 2065 [ (1984) ]; see also White v. Singletary, 972 F.2d 1218, 1221 (11th Cir.1992)(‘We are not interested in grading lawyers’ performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.’). We recognize that ‘[representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another.’ Strickland, 104 S.Ct. at 2067. Different lawyers have different gifts; this fact, as well as differing circumstances from case to case, means the range of what might be a reasonable approach at trial must be broad. To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or ‘what is prudent or appropriate, but only what is constitutionally compelled.’ Burger v. Kemp, 483 U.S. 776, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987).”
Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir.2000) (footnote omitted). Finally,
“ ‘ “[w]here the judgment of the circuit court denying a petition for post-conviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial.” ’ Long v. State, 675 So.2d 532, 533 (Ala.Cr.App.1996) (quoting Swicegood v. State, 646 So.2d 159, 160 (Ala.Cr.App.1994)).”
Sumlin v. State, 710 So.2d 941, 943 (Ala.Crim.App.1998).
The following facts, as set forth in the trial court’s sentencing order, are helpful to an understanding of this case:
“The [appellant], a former boyfriend of the victim, Faith Hall, had been stalking and threatening Ms. Hall before her death. On the evening of August 15, 1994, as Ms. Hall and a friend returned to the friend’s apartment, they saw the [appellant] following them in his vehicle. When they saw the [appellant] they began to run to the apartment.
“Despite their attempts to hold the front door closed, the [appellant] forced his way into the apartment. Ms. Hall began to scream, as the [appellant] came in with a pistol in his hand. When she couldn’t calm him down, she began to run for the front door. The [appellant] shot at her, but missed. Ms. Hall turned and ran toward the bathroom as [appellant] followed and shot her in the head, chest, and abdomen. The [appellant] ran out the back door and left in his automobile. Ms. Hall died from her wounds. The [appellant] was arrested in California.”
*339 (A.S.C.R. 7.)[2]
I.
Throughout his brief, the appellant argues that his trial counsel rendered ineffective assistance during the guilt and penalty phases of his trial. After the jury recommended that he be sentenced to death, he filed a pro se motion for a new trial in which he raised ineffective-assistance-of-trial-counsel allegations. After the trial court sentenced the appellant to death, newly appointed appellate counsel filed a motion for a new trial and raised an ineffective-assistance-of-trial-counsel claim. Finally, he raised and this court addressed and rejected several ineffective-assistance-of-trial-counsel grounds on direct appeal. See James, 788 So.2d at 191-94. Therefore, the appellant’s ineffective-assistance-of-trial-counsel claim is precluded pursuant to Rules 32.2(a)(2) and (a)(4), Ala. R.Crim. P., because it was raised and addressed at trial and on direct appeal. See Ex parte Ingram, 675 So.2d 863 (Ala.1996).
II.
The appellant also argues that he was deprived of due process and other constitutional protections throughout the Rule 32 proceedings in the circuit court.
A.
First, the appellant contends that the circuit court improperly adopted the State’s proposed order denying relief.[3]
‘“While the practice of adopting the State’s proposed findings of fact and conclusions of law is subject to criticism, the general rule is that even when the court adopts proposed findings and conclusions verbatim, the findings are those of the court and may be reversed only if clearly erroneous. Anderson v. City of Bessemer, N.C., 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Hubbard v. State, 584 So.2d 895 (Ala.Cr.App.1991); Weeks v. State, 568 So.2d 864 (Ala.Cr.App.1989), cert. denied, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990); Morrison v. State, 551 So.2d 435 (Ala.Cr.App.1989), cert. denied, 495 U.S. 911, 110 S.Ct. 1938, 109 L.Ed.2d 301 (1990).’
“Wright v. State, 593 So.2d 111, 117-18 (Ala.Cr.App.1991), cert. denied, [506] U.S. [844], 113 S.Ct. 132, 121 L.Ed.2d 86 (1992).”
Holladay v. State, 629 So.2d 673, 687-88 (Ala.Crim.App.1992).
Initially, we note that the circuit court allowed both parties to submit proposed orders. Further, the record does not indicate that the circuit court’s decision to deny the petition was clearly erroneous. We do note that the circuit court’s reliance on Williams v. State, 783 So.2d 108 (Ala.Crim.App.2000), is no longer valid. However, the circuit court also gave additional or alternative grounds for denying the appellant’s claims. For the reasons set forth in this opinion, the circuit court properly denied the appellant’s petition. Therefore, even if some of the circuit court’s findings or reasons were incorrect, reversal is not required. See Sumlin v. State, 710 So.2d 941 (Ala.Crim.App.1998) (holding that we *340 will affirm a circuit court’s denial of a Rule 32 petition if it is correct for any reason).
B.
Second, the appellant contends that the circuit court erred when it denied his motion to proceed in forma pauperis.[4] On April 26, 2002, he filed a motion to proceed in forma pauperis when filing his Rule 32 petition and a statement from a prison official indicating that he had a balance of $.02 in his prison inmate account. The circuit court denied the motion to proceed in forma pauperis on May 1, 2002. On May 7, 2002, the appellant filed a second motion to proceed in forma pau-peris. The circuit court did not take any action on this motion until July 6, 2004, when it granted indigency status. Finally, the record shows that a $154.00 filing fee was paid on May 20, 2002.
Assuming, arguendo, that the circuit court erred in initially denying the appellant’s request to proceed informa pauper-is, reversal is not required. Even though the circuit court denied the appellant’s initial request to proceed in forma pauperis, the filing fee was actually paid in this case. Therefore, this is not a case in which the circuit court’s ruling on the petition is void because the filing fee has not been paid or waived. Compare Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App.1997). Moreover, although the appellant asserts that he was “profoundly prejudiced” by the circuit court’s initial denial of his request to proceed in forma pauperis, he makes actual, specific references to only two identifiable instances in which he contends he was prejudiced — not being able to obtain a transcript of the record on appeal for a petition for a writ of mandamus in this court seeking review of the circuit court’s denial of his motion to proceed ex parte on requests for funds and not being able to obtain funding for investigators and mental health experts “needed to make a complete showing of prejudice from trial counsel’s incompetence.” (Appellant’s brief at p. 91.) However, for the reasons set forth in Part II.C. of this opinion, he was not entitled to proceed ex parte on his requests for funds. Also, for the reasons set forth in Part I of this opinion, his ineffective-assistance-of-trial-counsel claim is procedurally barred from review. Therefore, the appellant has not established that he actually suffered any prejudice from the circuit court’s initial denial of his motion to proceed inform a pauperis.
C.
Third, the appellant contends that the circuit court prevented him from fully developing and presenting his claims when it denied him leave to proceed ex parte on his requests for funds for a mental health expert and investigative assistance.[5] We addressed and rejected a similar argument in McGahee v. State, 885 So.2d 191, 228-29 (Ala.Crim.App.2003), as follows:
“McGahee next argues that he was prevented from fully and fairly presenting his postconviction claims for relief. First, he contends that trial court prevented him from fully presenting his claims at the Rule 32 hearing by refusing to allow him to proceed ex parte in his request for funds and by restricting *341 his examination of witnesses, and he relies on Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)....
“A.
“1. Contrary to McGahee’s assertions, the trial court was not obliged to allow him to proceed ex parte in his request for funds to pursue his postcon-viction claims. McGahee’s reliance on Ake v. Oklahoma is misplaced because postconviction proceedings pursuant to Rule 32, Ala. R.Crim. P., are not criminal in nature. McGahee, himself, pursued this discretionary legal action against the State of Alabama, and the action is civil in nature. See Hamm v. State, 913 So.2d 460 (Ala.Crim.App.2002), and cases cited therein. This Court held that the fundamental fairness mandated by the Due Process Clause does not require the trial court to approve funds for experts at a postconviction proceeding. Hubbard v. State, 584 So.2d 895, 900 (Ala.Crim.App.1991). Moreover, this Court has specifically held that Ake is not applicable in post-conviction proceedings. Ford v. State, 630 So.2d 111, 112 (Ala.Crim.App.1991), aff'd, 630 So.2d 113 (Ala.1993). See also Williams v. State, 783 So.2d 108 (Ala.Crim.App.2000), aff'd, 662 So.2d 929 (Ala.1992) (table).
“McGahee’s reliance on Ex parte Moody, 684 So.2d 114 (Ala.1996), is misplaced. In Moody, the Alabama Supreme Court held that ‘an indigent criminal defendant is entitled to an ex parte hearing on whether expert assistance is necessary, based on the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.’ 684 So.2d at 120. As discussed above, for purposes of this proceeding, McGahee is not ‘an indigent criminal defendant.’ Instead, he is a convicted capital murderer who, in Rule
32 proceedings, is a civil petitioner with the burden of proving that he is entitled to relief on the grounds alleged in the petition he filed. Moody does not support McGahee’s argument here. McGa-hee is not entitled to any relief on this claim of error. The trial court did not err when it denied an ex parte hearing on McGahee’s request for funds.”
Likewise, in this case, the circuit court did not err when it denied the appellant’s request to proceed ex parte on his requests for funds for a mental health expert and investigative assistance.
As part of this issue, the appellant contends that the circuit court’s denial of his requests for funds for a mental health expert and investigative assistance prevented him from fully developing and presenting his claims. Specifically, he appears to assert that the denial prevented him from establishing that his trial counsel rendered ineffective assistance during the guilt and penalty phases of his trial. However, for the reasons set forth in Part I of this opinion, his ineffective-assistance-of-trial-counsel claim is procedurally barred from review. Therefore, the appellant is not entitled to relief in this regard.
D.
Fourth, the appellant contends that the circuit court erred in refusing to admit into evidence three declarations signed by three expert witnesses — a psychiatrist, a neuropsychologist, and a mitigation specialist — concerning his mental health. In its order denying the petition, the circuit court stated:
“[The appellant] attempted to submit affidavits from an investigator, a forensic psychiatrist, and a clinical psychologist at the close of the evidentiary hearing. These affidavits were sworn and attested to on May 27, 2004, and May 29, 2004. These affidavits were not dis *342 closed to the State, as required by this Court’s disclosure order, until the close of the evidentiary hearing held on June 8, 2004. The Court finds that the untimely disclosure of these affidavits unfairly prevented the State from having the ability to respond or prepare counter-affidavits until after the evidentiary hearing. As such, this Court will not allow these affidavits into evidence.”
(C.R. 128 n. 8.) The record supports the circuit court’s findings, and we adopt them as part of this opinion. See Hamm v. State, 913 So.2d 460, 478-79 (Ala.Crim.App.2002); Callahan v. State, 767 So.2d 380, 403 (Ala.Crim.App.1999).
Moreover, the appellant appears to assert that the refusal to admit the declarations prevented him from establishing that his trial attorneys rendered ineffective assistance because they did not retain mental health experts.[6] However, for the reasons set forth in Part I of this opinion, his ineffective-assistance-of-trial-counsel claim is procedurally barred from review. Therefore, the appellant is not entitled to relief in this regard.
E.
Fifth, the appellant contends that the circuit court erred in denying his motions for discovery and for a continuance and in ordering limited discovery. On April 19, 2004, citing a need for time to obtain discovery, the appellant filed a motion to continue the evidentiary hearing that had been set for May 12, 2004. The circuit court granted the motion and rescheduled the hearing for June 8, 2004. On May 23, 2004, the appellant filed another motion for a continuance, arguing that he had not received all of the discovery materials. The circuit court denied that motion. Finally, during the evidentiary hearing, the appellant again moved for a continuance. The circuit court denied the motion and stated: “I think the Court has given both sides sufficient time to prepare for this hearing. It has been pending for some time.” (R. 10.)
“ ‘ “The trial court has broad discretion in granting a continuance when the basis for the motion is that counsel has not had sufficient time to prepare or to develop his defense. Godfrey v. State, 383 So.2d 575, 577 (Ala.Cr.App.), cert. denied, 383 So.2d 579 (Ala.), cert. denied, 449 U.S. 903, 101 S.Ct. 276, 66 L.Ed.2d 134 (1980), citing Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968). ‘A motion for a continuance due to a lack of time for adequate preparation is a matter entirely and exclusively within the sound discretion of the trial court and its ruling will not be reversed on appeal absent a ... showing of abuse.’ Reynolds v. State, 539 So.2d 428, 429 (Ala.Cr.App.1988), cert. denied, 539 So.2d 428 (Ala.1989). Moreover, ‘the reversal of a conviction because of the refusal of the trial judge to grant a continuance requires “a positive demonstration of abuse of judicial discretion.” Clayton v. State, 45 Ala.App. 127, 129, 226 So.2d 671, 672 (1969).’ Beauregard v. State, 372 So.2d 37, 43 (Ala.Cr.App.), writ denied, 372 So.2d 44 (Ala.1979) (emphasis added).”
“ Loggins v. State, 771 So.2d 1070, 1084 (Ala.Crim.App.1999)’
“Smith v. State, 797 So.2d 503, 523 (Ala.Crim.App.2000).”
Hart v. State, 852 So.2d 839, 843 (Ala.Crim.App.2002). See also Ex parte Clark, *343 728 So.2d 1126, 1134 (Ala.1998). In addition, the appellant makes only vague, general allegations in his brief concerning the alleged denial of discovery and inability to develop his claims. At most, it appears from the allegations in his brief that the discovery about which he complains would have been relevant only to his argument that his trial counsel rendered ineffective assistance during the penalty phase of his trial. However, for the reasons set forth in Part I of this opinion, his ineffective-assistance-of-trial-counsel claim is procedurally barred from review. Thus, for the reasons set forth herein, the appellant is not entitled to relief in this regard.
F.
Sixth, the appellant contends that the circuit court erred in refusing to issue an arrest warrant to compel the testimony of Mara Ruffin. After three witnesses testified during the evidentiary hearing, the following occurred:
“[APPELLANT’S COUNSEL]: Your Honor, if I may bring one more matter, I apologize. I have just learned that one of our witnesses has been subpoenaed and indicated that she will not be here. I would like to ask for a warrant to be issued for her arrest.
“THE COURT: Who is that?
“[APPELLANT’S COUNSEL]: Her name is Mara Ruffin.
“THE COURT: What would be the nature of her testimony?
“[APPELLANT’S COUNSEL]: The nature of her testimony, Your Honor, deals with the relationship between my client, herself, and the victim Faith Hall, the fact that the victim was violent toward her and attacked her along with my client, cutting her in the face, threatened her life, threatened my client’s children’s life, threatened my client’s life, and even threatened her grandmother. There was a longstanding relationship of hostility between them that lasted for a couple of years.
“THE COURT: I am not going to do that.
“[APPELLANT’S COUNSEL]: In addition, Your Honor, she is the mother of my client’s two children. And her testimony would have been mitigating at the time of trial. We submit that it was ineffective assistance of counsel for the attorneys not to speak with her and produce her to testify at the sentencing phase. We believe that the fact that my client had two children and a girlfriend and a fiancee of longstanding was powerful mitigating evidence.
“THE COURT: I don’t think so. I am not going to require her to be here.”
(R. 96-97.)
In his brief, the appellant specifically asserts that Ruffin’s testimony “was vital to prove [his] claims [of] ineffective assistance of counsel in both the guilt and penalty phase of his criminal trial.” (Appellant’s brief at p. 112.) For the reasons set forth in Part I of this opinion, the appellant’s ineffective-assistance-of-trial-counsel claim is procedurally barred from review. Therefore, he is not entitled to relief in this regard.
G.
Seventh, the appellant contends that the circuit court erred in denying his motion to reopen his Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), claim, which it had previously dismissed, because of newly discovered evidence. At the beginning of the evidentiary hearing, the following occurred:
“[APPELLANT’S COUNSEL]: Your Honor, we move to reopen our Claim 6. Claim 6 was our Brady claim.
*344 “THE COURT: It was what claim?
“[APPELLANT’S COUNSEL]: It was a Brady claim, Your Honor — a claim under Brady v. Maryland, where the people withheld information from the defense.
“We make that motion, Your Honor, in view of the discovery of new evidence we have received as a result of the disclosure that Your Honor ordered; in particular, Your Honor, the police reports of an incident in Brighton in which the victim of the crime was arrested for assaulting the defendant/petitioner Mr. James and his girlfriend and the mother of his children, Ms. Mara Ruffin, by smashing the window of their pickup truck with a jack handle and causing cuts to Ms. Ruffin’s face. That, we believe, Your Honor, was material that should have been turned over by the prosecution.
“In addition, Your Honor, in the records of the Department of Corrections in Holman Prison, we have discovered psychological tests administered to my client which would have been relevant in the penalty phase and the sentencing phase as mitigating evidence and would have led counsel, we believe, to retain a psychiatrist and/or a psychologist in order to develop further mitigating evidence in the sentencing phase.
“On that ground, Your Honor, we move to reopen our Brady claim.”
(R. 10-12.)
“Three elements must be proven in order to establish a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). These elements include 1) the prosecution’s suppression of evidence; 2) the favorable character of the suppressed evidence for the defense; and 3) the materiality of the suppressed evidence. Brady, 373 U.S. at 87, 83 S.Ct. at 1196-97.”
Hendrix v. State, 589 So.2d 769, 770 (Ala.Crim.App.1991).
“ ‘There is no Brady violation where the information in question could have been obtained by the defense through its own efforts.’ Johnson [v. State], 612 So.2d [1288] at 1294 [ (Ala.Crim.App.1992) ]; see also Jackson v. State, 674 So.2d 1318 (Ala.Cr.App.1993), aff'd in part and rev’d in part on other grounds, 674 So.2d 1365 (Ala.1995). ‘ “Evidence is not ‘suppressed’ if the defendant either knew ... or should have known ... of the essential facts permitting him to take advantage of any exculpatory evidence.” United States v. LeRoy, 687 F.2d 610, 618 (2d Cir.1982)[, cert. denied, 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983) ].’ Carr v. State, 505 So.2d 1294, 1297 (Ala.Cr.App.1987) (noting, ‘The statement the appellant contends was suppressed in this case was his own, and no reason was set forth to explain why he should not have been aware of it.’). Where there is no suppression of evidence, there is no Brady violation. Can", 505 So.2d at 1297.”
Freeman v. State, 722 So.2d 806, 810-11 (Ala.Crim.App.1998).
The police report the appellant alleges was suppressed was information that was within his own knowledge or information he could have obtained by the exercise of due diligence. Therefore, there was not a Brady violation with regard to the police report.
In his brief to this court, the appellant alleges:
“Evidence of [his] mental illness in the possession of the Department of Corrections was also exculpatory in nature, undermined the mental elements of the charged offense, and was also important mitigation evidence at the sentencing phase.”
*345 (Appellant’s brief at pp. 115-16.) This allegation does not comply with the requirements of Rule 28(a)(10), Ala. R.App. P. Moreover, the appellant’s bare assertions during the evidentiary hearing and in his brief to this court fall far short of establishing a Brady violation.
For these reasons, the circuit court did not err in refusing to allow the appellant to reopen his Brady claim.
III.
The appellant further argues that he was not competent to stand trial.
“A defendant is mentally incompetent to stand trial or to be sentenced for an offense if that defendant lacks sufficient present ability to assist in his or her defense by consulting with counsel with a reasonable degree of rational understanding of the facts and the legal proceedings against the defendant.”
Rule 11.1, Ala. R.Crim. P. Further, in Thomas v. State, 766 So.2d 860, 881-82 (Ala.Crim.App.1998), aff'd, 766 So.2d 975 (Ala.2000), we held:
“[T]he law is clear that ‘[p]roof of the incompetency of an accused to stand trial involves more than simply showing that the accused has mental problems or psychological difficulties.’ Bailey v. State, 421 So.2d 1364, 1366 (Ala.Cr.App.1982).
“ ‘ “A distinction must be made between mental illness and mental incompetency to stand trial, and the fact that a defendant is mentally ill does not necessarily mean that he is legally incompetent to stand trial. Thus, not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence of defendant’s mental unfitness must indicate a present inability to assist counsel or understand the charges.” ’
“Cowan v. State, 579 So.2d 13, 15 (Ala.Cr.App.1990) (quoting 22A C.J.S. Criminal Law § 550 (1989) (footnotes omitted)). See Lackey v. State, 615 So.2d 145, 154 (Ala.Cr.App.1992) (quoting the above, in holding that the jury had objective reason to reject an expert’s opinion that the appellant was incompetent to stand trial because that opinion appeared to be based wholly on her judgment that he was mentally ill). See also Eddmonds v. Peters, 93 F.3d 1307 (7th Cir.1996) (finding that an ineffectiveness claim failed the prejudice prong, the court noted that the issue is not mental illness, but the ability to assist per Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)), cert. denied, 520 U.S. 1172, 117 S.Ct. 1441, 137 L.Ed.2d 548 (1997); Lee v. Alabama, 406 F.2d 466, 471-72 (5th Cir.1968) (‘one may be suffering from a mental disease which is at the root of antisocial action and simultaneously have a rational and factual understanding of court proceedings and be able to consult with a lawyer on a reasonably rational basis’), cert. denied, 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246 (1969); Committee Comments to Rule 11.1 (as amended effective October 1, 1996), Ala. R.Crim. P. (‘Although some States require that the defendant’s mental incompetence be attributable to a “mental disease or defect,” the majority view is that the mere presence of a mental disorder, whatever its severity, is not a sufficient basis for a finding of incompetency to stand trial.’).”
In this case, although the appellant alleged that he had several mental problems, he did not allege any specific facts in his petition to indicate that he did not have the ability to assist in his defense and that he was not able to consult with his trial counsel to a reasonable degree of rational understanding of the facts of his case and *346 the legal proceedings against him. Therefore, he has not satisfied his burden of pleading and proof as to this claim pursuant to Rules 32.3 and 32.6(b), Ala. R.Crim. P.
Moreover, we have diligently examined the records from the appellant’s previous appeals. In 1996, before his first trial, the appellant was evaluated by Dr. Wendy Re-bert, a clinical psychologist, who administered the Competency to Stand Trial Assessment Instrument (“CAI”) and the Wechsler Adult Intelligence Scale-Revised (“WAIS-R”). She noted that the appellant exhibited “no signs or symptoms associated with a major psychiatric disorder such as psychosis, a thought disorder, or a major affective disorder” and that he scored a verbal IQ of 102 on the WAIS-R. (C.R. 1696-97.) She also concluded that the appellant was competent to stand trial, specifically finding that he “appears to be bright enough and motivated enough to do a good job of assisting his attorney in his own defense.” (C.R. 1699.)
Also, the record from his 1999 direct appeal indicates that he was keenly aware of what was occurring during the trial and was most definitely an active participant in the trial proceedings. In fact, he filed several relevant pro se motions during the proceedings.
Finally, both of the appellant’s trial attorneys executed affidavits. In her affidavit, Virginia Vinson stated, in part:
“Joe seemed to understand the charges against him and possible penalty. He knew that he was charged with capital murder and that he could get the death penalty again. He understood that I was his attorney and what my job was. He understood the job of the prosecutors. I was never concerned about his mental competency....
[[Image here]]
“I discussed Joe’s mental competency with Brower [the appellant’s attorney at his first trial] and Brower had no concerns either. That’s something I routinely look at — to see whether a defendant needs a psychological evaluation. One of the reasons I did not seek a competency evaluation was that there was one from the first trial and Joe was found competent then.”
(C.R. 1172-73.) In his affidavit, Gordon Warren stated, in part:
“I never saw any evidence of mental health problems in Joe. I never had any actions or words from Joe that made me feel uneasy about his competence. I simply saw him as an angry individual who wanted to control everything. The lawyer has to be in control. I think Joe thought he was going to manipulate Judge Vinson. But, she did not allow that. She had a lot more contact with Joe than I did and, at times, there was ‘head butting’ because Joe wanted to do everything himself. No one else ever indicated they thought Joe had any mental health problem. Sometimes, the judge will say ‘get your client evaluated’ or will order an evaluation of the defendant him or herself. Nothing like that occurred here.”
(C.R. 1186.)
Despite his bare allegations to the contrary, there was not any indication that the appellant was not competent at the time of his second trial. Rather, as set forth herein, the records from his previous appeals directly refute his claim.
For these reasons, the appellant is not entitled to relief on this claim.
IV.
Citing Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), the appellant next argues that the circuit court erred in denying his claim *347 that his “profound emotional and mental impairments deprive him of the level of moral culpability requisite for execution.” (Appellant’s brief at p. 142.) In its order denying the petition, the circuit court found:
“James did not identify any facts that indicate that he is mentally retarded. Moreover, James failed to even make a bare allegation that he is in fact mentally retarded. Rather, James claimed that he ‘suffers from organic impairments, post-traumatic stress disorder, depression, delusions, paranoia, and other mental and emotional impairments which diminish his capacity,’ making him ‘functionally indistinguishable from mentally retarded person.’ Rule 32 petition at paragraph 317. In Atkins v. Virginia, [536 U.S. 304,] 122 S.Ct. 2242 [153 L.Ed.2d 335] (June 20, 2002), the United States Supreme Court declared that executing mentally retarded persons violated the Eighth Amendment’s prohibition against cruel and unusual punishment. The Supreme Court did not hold it unconstitutional to execute those who were ‘like’ the mentally retarded or ‘functionally indistinguishable from’ the mentally retarded. Accordingly, this claim is summarily dismissed because it was not pleaded with the factual specificity required by Ala. R.Crim. P. 32.6(b).”
(C.R. 78-79.) The record supports the circuit court’s findings, and we adopt them as part of this opinion. We further note that testing that was administered shortly before the appellant was ten years old revealed a full-scale IQ of 99 and that testing Rebert administered in determining his competency to stand trial revealed a verbal IQ of 102. (C.R. 1696, 2110.) Therefore, he was not mentally retarded. See Ex parte Smith, [Ms. 1010267, March 14, 2003] — So.3d - (Ala.2003); Ex parte Perkins, 851 So.2d 453 (Ala.2002). Also, as we explained in Jones v. State, 946 So.2d 903, 927-28 (Ala.Crim.App.2006):
“During oral argument before this court, the appellant’s counsel ...., citing the evolving standards of decency referenced in Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), and Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), ... contended that it would be cruel and unusual to subject the appellant to the death penalty in light of his lack of emotional development. ‘There is an abundance of caselaw, however, that holds that the death penalty is not per se cruel and unusual punishment.’ Stewart v. State, 730 So.2d 1203, 1242 (Ala.Crim.App.1997) (opinion on third return to remand), aff'd, 730 So.2d 1246 (Ala.1999). Also, the Supreme Court’s decisions in Atkins and Roper apply only in limited circumstances, and we are not in a position to expand those decisions as the appellant would have us do. See Benjamin v. State, 940 So.2d 371 (Ala.Crim.App.2005). Therefore, the appellant is not entitled to relief in this regard.”
Similarly, the appellant is not entitled to relief in this regard.
V.
Additionally, the appellant argues that his appellate counsel rendered ineffective assistance in several instances.
A.
First, the appellant contends that appellate counsel did not argue that he was not given notice of the aggravating factors upon which the State intended to rely. In its order denying the petition, the circuit court found:
“James claimed that ‘appellate counsel performed deficiently in failing to argue *348 in petitioner’s direct appeal that the trial court erred in overruling trial counsel’s objection to the prosecutor’s addition of a new aggravating circumstance on the morning sentencing phase was to begin.’ Rule 32 petition at paragraph 265.... The [Alabama Court of Criminal Appeals] ruled in Perkins v. State, 808 So.2d 1041, 1122 (Ala.Crim.App.1999) that a ‘defendant has no right to advance notice of the state’s intention to rely on any of the aggravating circumstances .... The list of aggravating circumstances in § 13A-5-49 is exclusive and puts defendant charged with a capital felony on notice of those circumstances against which the defendant may be required to defend. This statutory notice satisfies constitutional requirements.’ ”
(C.R. 93-94.) We agree with the circuit court’s findings and adopt them as part of this opinion. Therefore, the appellant is not entitled to relief in this regard.
B.
Second, the appellant apparently contends that appellate counsel performed deficiently in raising, but not factually developing, ineffective-assistance-of-trial-counsel claims in his brief to this court on direct appeal. His entire argument on this issue consists of the following: “Claim IX, Paragraph 269: For reasons noted elsewhere, the court erred in dismissing paragraph 269 as well.” (Appellant’s brief at p. 138.) Because this one-sentence argument does not satisfy the requirements of Rule 28(a)(10), Ala.R.App. P., we deem it waived.[7] As we explained in Jennings v. State, 965 So.2d 1112, 1136 (Ala.Crim.App.2006):
“Rule 28(a)(10), Ala. R.App. P., requires that an argument contain ‘the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.’ Further, ‘[authority supporting only “general propositions of law” does not constitute a sufficient argument for reversal.’ Beachcroft Props., LLP v. City of Alabaster, 901 So.2d 703, 708 (Ala.2004), quoting Geisenhoff v. Geisenhoff 693 So.2d 489, 491 (Ala.Civ.App.1997). See also Connerly v. Connerly, 523 So.2d 461 (Ala.Civ.App.1988) (appellant’s citations to general propositions of law that were not specifically applicable to the issues presented by the appeal do not fulfill the requirements of Rule 28, Ala. R.App. P.).
“... ‘It is not the job of the appellate courts to do a party’s legal research.... Nor is it the function of the appellate courts to “make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.” ’ Pilen Ind., Inc. v. Consolidated Ind., Inc., 740 So.2d 1108, 1110 (Ala.Civ.App.1999), quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994). Because Jennings has failed to present sufficient argument, authority, or citation to the facts in support of this issue, we conclude that he has failed to comply with Rule 28(a)(10), and that this issue is, therefore, deemed to be waived. See, e.g., Giles v. State, 906 So.2d 963 (Ala.Crim.App.2004), and Mumpfield v. State, 872 So.2d 205 (Ala.Crim.App.2003).”
*349 C.
Third, the appellant contends that appellate counsel did not argue that the trial court erred in not instructing the jury each day before it separated. In its order denying the petition, the circuit court found:
“As long as this Court properly admonished the jury once pursuant to 19.3(b), it was not error for the court not to so admonish the jury every day. See Griffin v. State, 790 So.2d 267, 334 (Ala.Crim.App.1999), rev’d on other grounds, 790 So.2d 351 (Ala.2000) (‘Although the better practice would be for the trial court to admonish the jury at each break or recess, there is nothing in Rule 19.3(b), Ala. R.Crim. P., that requires it to do so.... Jurors are presumed to follow the instructions of the trial court.’). As such, appellate counsel could not have been ineffective for failing to raise this issue nor could the alleged error have prejudiced James because the underlying claim is without merit.”
(C.R. 95-96.) We agree with the circuit court’s findings and adopt them as part of this opinion. Therefore, the appellant is not entitled to relief in this regard.
D.
Fourth, the appellant contends that appellate counsel did not federalize the issues he raised on direct appeal. His entire argument in his second amended petition related to this claim consisted of the following:
“Appellate counsel was also ineffective in failing to federalize the issues he did raise on direct appeal. For example, although appellate counsel argued that the trial court erred in admitting prejudicial autopsy photographs and that trial counsel had failed to object on this basis, appellate counsel failed to note that admission of the photographs constituted a due process error in violation of the Fourteenth Amendment. Because it is at least reasonably probable that a more favorable result would have been obtained if appellate counsel had performed competently, relief is required and the judgment must be reversed.”
(C.R. 1369.) In its order denying the petition, the circuit court found, in part:
“[The appellant] only stated one example of how counsel was ineffective, in failing to argue that the admission of autopsy photographs constituted a due process violation, and entirely fails to state how the alleged error prejudiced him to the extent required to support a Strickland claim. As such, this claim is summarily dismissed as insufficiently [pled] under Rule 32.6(b).”
(C.R. 77.) Subsequently, the circuit court also found:
“This claim is summarily dismissed under Alabama Rule of Criminal Procedure 32.7(d) because there is no material issue of fact or law presented by this claim. See, e.g., Jacobs v. Singletary, 952 F.2d 1282, 1296 (11th Cir.1992) (holding that the defendant was not denied due process under the Fourteenth Amendment by the admission of sixteen ‘graphic photographs of the bodies of the victims during autopsy and at the scene of the shooting.’). Accordingly, appellate counsel could not have been ineffective for failing to federalize this issue because the underlying claim is without merit.”
(C.R. 96.) We agree with the circuit court’s findings and adopt them as part of this opinion. Therefore, the appellant is not entitled to relief in this regard.
VI.
The appellant next argues that his attorneys rendered ineffective assis- *350 tanee due to allegedly inadequate compensation. To the extent he challenges the statutory limit on attorney fees in capital cases, his argument is procedurally barred because he could have raised it at trial and on appeal, but did not. See Rules 32.2(a)(3) and (a)(5), Ala. R.Crim. P. To the extent he raises an ineffective-assistance-of-trial-counsel claim, as set forth in Part I of this opinion, his claim is procedurally barred from review. To the extent he raises an ineffective-assistance-of-appellate-counsel claim, he has made bare allegations, but he has not supported them factually. See Rules 32.3 and 32.6(b), Ala. R.Crim. P. Therefore, he has not established that his appellate counsel’s performance was deficient and that that deficient performance prejudiced him due to allegedly inadequate compensation. See Strickland, supra. Accordingly, he is not entitled to relief on these claims.
VII.
The appellant also argues that “Alabama’s capital sentencing procedures run afoul of the due process clause of the Fourteenth Amendment.” (Appellant’s brief at p. 125.) Specifically, he contends that Alabama’s system of judicial sentencing violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), because
1) the judge, rather than the jury, ultimately determines a defendant’s sentence;
2) the judge, rather than the jury, made the ultimate finding regarding the existence of an aggravating circumstance in this case; and
3) aggravating circumstances are not included in the indictment.
However, the decisions in Apprendi and Ring do not apply retroactively to cases pending on collateral review. See Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004); McWilliams v. State, 897 So.2d 437 (Ala.Crim.App.2004); Boyd v. State, 913 So.2d 1113 (Ala.Crim.App.2003); Sanders v. State, 815 So.2d 590, 592 (Ala.Crim.App.2001).
Moreover, this court and the Alabama Supreme Court have recently addressed and rejected the same or similar arguments. See Ex parte Waldrop, 859 So.2d 1181 (Ala.2002); Moody v. State, 888 So.2d 532 (Ala.Crim.App.2003); Tomlin v. State, 909 So.2d 213 (Ala.Crim.App.2002) (opinion on application for a rehearing), rev’d on other grounds, 909 So.2d 283 (Ala.2003); Duke v. State, 889 So.2d 1 (Ala.Crim.App.2002) (opinion on return to remand), sentence vacated on other ground, 544 U.S. 901, 125 S.Ct. 1588, 161 L.Ed.2d 270 (2005); Turner v. State, 924 So.2d 737 (Ala.Crim.App.2002); Stallworth v. State, 868 So.2d 1128 (Ala.Crim.App.2001) (opinion on return to second remand). Therefore, the appellant’s argument is also without merit.
For these reasons, the appellant was not entitled to relief on this claim.
VIII.
The appellant further argues that the circuit court erred in finding that many of his claims were procedurally barred. The circuit court properly found that the following claims are precluded pursuant to Rules 32.2(a)(3) and (a)(5), Ala.R.Crim. P.:
1. he was deprived of the assistance of a competent mental health professional at his trial;
2. the trial court erred because it did not sua sponte order a competency evaluation;
3. the prosecutor did not comply with Brady v. Maryland, 373 U.S. 83, 83 *351 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and committed other misconduct at trial;
4. the trial court did not follow statutory procedures related to sentencing;
5. the trial court erred because it did not give instructions to the jurors each time the jury separated;
6. “the trial court erred in overruling the defense lack-of-notice objection to the prosecution’s late assertion of the aggravating factor that [he] was under sentence of imprisonment at the time of the offense” (appellant’s brief at p. 125);
7. the trial court erred in giving numerous improper jury instructions;
8. the trial court erred in double counting burglary as both an element of the capital offense and an aggravating circumstance;
9. Alabama’s compensation limits on attorneys appointed to represent indigents are unconstitutional;
10. his death sentence must be reversed based on “selective prosecution of the death penalty” (appellant’s brief at p. 127);
11. electrocution constitutes cruel and unusual punishment[8];
12. execution following lengthy confinement under sentence of death sentence constitutes cruel and unusual punishment;
13. the trial court erred because it did not order a new presentence report instead of using the report that had been compiled before his first trial;
14. the indictment was defective because it did not include the aggravating circumstances upon which the State intended to rely; and
15.execution by lethal injection constitutes cruel and unusual punishment.
The circuit court properly found that the claim that the appellant was deprived of a fair jury because one juror had a mental illness and other impairments was precluded pursuant to Rules 32.3 and 32.6(b), Ala. R.Crim. P. In his second amended petition, the appellant simply alleged:
“One of the jurors in [his] case was undergoing treatment for mental illness and other impairments at the time of trial and was not competent to understand the issues or to deliberate at the time of his jury service. Accordingly, [he] was deprived of his due process right to trial by mentally competent jurors.”
(C.R. 1360.) Although he alleges that a juror was mentally ill and impaired, he did not identify that juror and did not specify the alleged mental illness and impairments the juror allegedly suffered. Therefore, the appellant did not plead or prove sufficient facts to support his claim, and the circuit court properly found that it was precluded.
The circuit court properly found that the claim that the trial court erred in conducting proceedings from which the appellant was allegedly absent was precluded pursuant to Rules 32.2(a)(2) and (a)(5), Ala.R.Crim. P.
IX.
Finally, the appellant argues that the cumulative effect of all of the above-referenced allegations of error deprived him of due process, a fair trial, a reliable sentencing, and fair Rule 32 proceedings. We have considered each of the allegations of error individually, and we have not found *352 that any of those allegations of error require reversal. We have also considered the allegations of error cumulatively, and we do not find that they require reversal. Therefore, the appellant’s argument is without merit.
For the above-stated reasons, we affirm the cii'cuit court’s denial of the appellant’s Rule 32 petition.
AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. The appellant was originally convicted of tlte capital offense of burglary-murder and sentenced to death for the killing of Faith Hall in 1996. However, we reversed his conviction and sentence based on the unlawful admission of hearsay evidence. See James v. State, 723 So.2d 776 (Ala.Crim.App.1998).

. We have taken judicial notice of the records from the appellant’s direct appeals from both his 1996 and 1999 convictions for this offense. See Nettles v. State, 731 So.2d 626 (Ala.Crim.App.1998).

. To the extent the appellant may argue that the circuit court improperly adopted the State’s other proposed orders, he has made only bare allegations, but he has not shown that the circuit court’s actions were improper. Therefore, he is not entitled to relief in this regard.

. When the circuit court denied the appellant's request to proceed in forma pauperis, his immediate remedy would have been to file a petition for a writ of mandamus in this court. See Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App.1997).

. During the pendency of the Rule 32 proceedings in the circuit court, the appellant filed a petition for a writ of mandamus in this court, raising this same argument. By order dated August 10, 2004, we denied mandamus relief. See Ex parte James, (Ms. CR-03-1501) 920 So.2d 617 (Ala.Crim.App.2004) (table).

. To the extent the appellant may argue that the refusal to admit the declarations prevented him from presenting his claim that he was not competent to stand trial, his brief does not comply with the requirements of Rule 28(a)(10), Ala. R.App. P.

. Pages 156 and 157 of the appellant’s brief also make reference to Paragraph 269 of the petition. However, those references also do not comply with the requirements of Rule 28(a)(10), Ala. R.App. P.

. Section 15-18-82(a), Ala.Code 1975, which became effective on July 1, 2002, modified Alabama law to provide for execution by lethal injection unless the person elects to be executed by electrocution. Therefore, the appellant’s arguments about execution by electrocution are moot.