PER CURIAM.
Joe Nathan James, Jr., petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals’ decision affirming the circuit court’s denial of his Rule 32, Ala. R.Crim. P., petition. See James v. State, 61 So.3d 332 (Ala.Crim.App.2006). We granted the writ of certiorari. For the following reasons, we reverse the Court of Criminal Appeals’ judgment and remand the case.

Facts and Procedural History

In June 1999, James was convicted of murder made capital because it was committed during a burglary. The Court of Criminal Appeals incorporated into its opinion the following facts from the trial court’s sentencing order regarding the underlying offense:
“ ‘[James], a former boyfriend of the victim, Faith Hall, had been stalking and threatening Ms. Hall before her death. On the evening of August 15, 1994, as Ms. Hall and a friend returned to the friend’s apartment, they saw [James] following them in his vehicle. When they saw [James] they began to run to the apartment.
“ ‘Despite their attempts to hold the front door closed, [James] forced his way into the apartment. Ms. Hall began to scream, as [James] came in with a pistol in his hand. When she couldn’t calm him down, she began to run for the front door. [James] shot at her, but missed. Ms. Hall turned and ran toward the bathroom as [James] followed and shot her in the head, chest, and abdomen. [James] ran out the back door and left in his automobile. Ms. Hall died- from her wounds. [James] was arrested in California.’ ”
James, 61 So.3d at 338. The jury, by a vote of 12-0, recommended that James be sentenced to death. The trial court accepted the jury’s recommendation and sentenced James to death. The Court of Criminal Appeals affirmed his conviction and sentence. James v. State, 788 So.2d 185 (Ala.Crim.App.2000). This Court and the United States Supreme Court denied James’s petitions for a writ of certiorari to review the Court of Criminal Appeals’ decision on direct appeal.
In May 2002, James timely filed a Rule 32, Ala. R.Crim. P., petition. After a response by the State, the circuit court summarily dismissed some claims in James’s amended petition and conducted an eviden-tiary hearing on the remaining claims. The circuit court then issued an order denying the petition. James appealed the denial of his Rule 32 petition to the Court of Criminal Appeals.
The Court of Criminal Appeals affirmed the circuit court’s judgment. See James, 61 So.3d at 352. Concerning the majority of the ineffective-assistance-of-counsel claims James raised in his Rule 32 petition, the Court of Criminal Appeals, sua sponte, held that they were presumably barred, stating:
“Throughout his brief, [James] argues that his trial counsel rendered ineffective assistance during the guilt and penalty phases of his trial. After the jury recommended that he be sentenced to death, he filed a pro se motion for a new trial in which he raised ineffective-assistance-of-trial-counsel allegations. After the trial court sentenced [James] to death, newly appointed appellate counsel filed a motion for a new trial and raised an ineffective-assistance-of-trial-counsel claim. Finally, he raised and this court addressed and rejected several ineffective-assistance-of-trial-counsel grounds on direct appeal. See James, 788 So.2d at 191-94. Therefore, [James’s] ineffective-assistance-of-trial-counsel claim is precluded pursuant to Rules 32.2(a)(2) and (a)(4), Ala. R.Crim. P., because it *354 was raised and addressed at trial and on direct appeal. See Ex parte Ingram, 675 So.2d 863 (Ala.1996).”
61 So.3d at 339. We granted certiorari review to consider whether the Court of Criminal Appeals’ sua sponte application of the preclusionary grounds to James’s ineffective-assistance-of-counsel claims was error. See Rule 39(a)(2) and Rule 39(a)(l)(D)(2), Ala. RApp. P. Dependent upon our determination of whether the Court of Criminal Appeals erred in sua sponte applying the procedural grounds to James’s ineffective-assistance-of-counsel claims, we also granted certiorari review to determine whether the Court of Criminal Appeals erred by refusing to review what effect, if any, the circuit court’s denial of James’s initial request to proceed in forma pauperis or to proceed ex parte on his request for funds and the resulting lack of funds for a mental-health expert and investigative assistance had on the development of James’s ineffective-assistance-of-counsel claims.

Standard of Review

“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, the court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001).

Discussion

The parties agree that the Court of Criminal Appeals sua sponte applied the preclusionary grounds of Rule 32, Ala. R.Crim. P., to the majority of James’s ineffective-assistance-of-counsel claims. The State alleges that it raised the preclu-sionary grounds in regard to the following three ineffective-assistance-of-counsel claims James raised:
“1(A), which alleged [ineffective assistance of counsel] due to inadequate compensation, and claims 1(G) ¶¶ 82 & 83 which alleged [ineffective assistance of counsel] regarding the admission of photographs and medical testimony.”
(State’s brief, at 9.) James does not dispute that the State raised the preclusionary grounds in regard to the above-mentioned claims and that those claims were properly precluded.
Concerning the remainder of James’s ineffective-assistance-of-counsel claims, as to which- the State did not raise the preclu-sionary grounds, James argues that the Court of Criminal Appeals’ sua sponte application of the preclusionary grounds of Rule 32 is in conflict with our decision in Ex parte Clemons, 55 So.3d 348, 350 (Ala.2007), issued after the Court of Criminal Appeals decided James’s appeal from the denial of his Rule 32 petition. In Clemons, this Court held that an appellate court could not sua sponte apply the procedural grounds of Rule 32. We state in Clemons:
“Rule 32.3 states:
“ ‘The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.’
“(Emphasis added.) Rule 32.3 expressly imposes upon the State the burden of pleading an affirmative defense. Rule 32.7(d), ‘Summary Disposition,’ authorizes sua sponte action by ‘the court.’ Rule 1, Ala. R.Crim. P., provides: ‘These rules shall govern the practice and procedure in all criminal proceedings in all courts of the State of Alabama, and political subdivisions thereof, except as otherwise provided by court *355 rule.’ However, the context of the reference to ‘the court’ in Rule 32.7(d) clearly limits the applicability of the rule to proceedings in the trial court. See, e.g., the last sentence of Rule 32.7(d), providing that ‘[otherwise [under circumstances where the petition is not summarily dismissed], the court shall direct that the proceedings continue and set a date for hearing.’ (Emphasis added.) Whether the trial court’s authority continues after service of an answer omitting a defense is a question not before us.
“The question before us in this proceeding is whether the State may waive the affirmative defense of the procedural bars of Rule 32.2(a) and thereby enable the trial court to entertain the proceeding on its merits. Rule 32.2(a), Ala. R.Crim. P., provides:
“ ‘(a) Preclusion of Grounds. A petitioner loill not be given relief under this rule based upon any ground:
“ ‘(1) Which may still be raised on direct appeal under the Alabama Rules of Appellate Procedure or by posttrial motion under Rule 24; or
“ ‘(2) Which was raised or addressed at trial; or
“‘(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or
“ ‘(4) Which was raised or addressed on appeal or in any previous collateral proceeding not dismissed pursuant to the last sentence of Rule 32.1 as a petition that challenges multiple judgments, whether or not the previous collateral proceeding was adjudicated on the merits of the grounds raised; or
“ ‘(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b).’
“(Emphasis added.) Although the rule is written in the passive voice, if it were converted to the active voice it would read: ‘A court will not give relief to a petitioner.’ If we apply Rule 32.2 strictly according to its terms, no court could grant relief in a setting where preclusion is available as a defense.
“.... Here, we are interpreting a rule of procedure promulgated by this Court pursuant to authority conferred by Ala. Const.1901, Art. VI, § 150 (Official Re-comp.) (Amendment No. 328, § 6.11). Section 150 provides:
“ ‘The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts .... ’
“(Emphasis added.)
“If we were to read Rule 32.2(a) as a limitation upon the jurisdiction of the circuit court to grant relief in instances where preclusion is available as a defense, thereby enabling an appellate court to invoke the defense sua sponte, we will have construed a rule of procedure in a manner contrary to the authority conferred upon this Court by the Alabama Constitution. This we simply cannot do. The fact that adherence to the constitutional limitation upon our rule-making power will result in practical difficulties cannot justify our disregarding that limitation....
[[Image here]]
“In summary, the preclusive provisions of Rule 32.2(a) cannot be read as jurisdictional. Because those procedural bars are nonjurisdictional, they may ... *356 be waived. Only in extraordinary circumstances may such waiver be overcome by an appellate court acting sua sponte.”
55 So.3d at 353-56 (footnote omitted).
In the present case, it is undisputed that the State did not plead the affirmative defense of the preclusionary grounds of Rule 32 concerning the majority of James’s ineffective-assistance-of-counsel claims, thus waiving that affirmative defense, and that no “extraordinary circumstances” exist that would justify the Court of Criminal Appeals’ sua sponte application of the procedural grounds to those of James’s ineffective-assistance-of-counsel claims as to which the State did not plead the affirmative defense. The State concedes that the Court of Criminal Appeals’ sua sponte application of the preclusionary grounds of Rule 32 to James’s ineffective-assistance-of-counsel claims conflicts with Clemons and that its judgment should be reversed and the case remanded for that court to consider the merits of James’s remaining ineffective-assistance-of-counsel claims. We agree. As Clemons establishes, the preclusionary grounds of Rule 32 are affirmative defenses that must be pleaded or they are waived; the preclu-sionary grounds do not affect the courts’ jurisdiction. The State concedes that it waived the preclusionary grounds by not pleading them as an affirmative defense in the circuit court. Therefore, we reverse the Court of Criminal Appeals’ judgment and remand the case for that court to consider the merits of James’s remaining ineffective-assistanee-of-eounsel claims.
Because we hold that the Court of Criminal Appeals is to consider on remand James’s remaining ineffective-assistance-of-counsel claims, we necessarily reach the second issue as to which we granted certio-rari review — whether the Court of Criminal Appeals erred by refusing to review what effect, if any, the circuit court’s denial of James’s initial request to proceed in forma pauperis or ex parte on his request for funds, which, he says, resulted in a lack of funds for a mental-health expert and investigative assistance, had on the development of James’s ineffeetive-assistance-of-counsel claims. In regard to this issue, the Court of Criminal Appeals stated:
“[James] contends that the circuit court’s denial of his requests for funds for a mental health expert and investigative assistance prevented him from fully developing and presenting his claims. Specifically, he appears to assert that the denial prevented him from establishing that his trial counsel rendered ineffective assistance during the guilt and penalty phases of his trial. However, for the reasons set forth in Part I of this opinion, his ineffective-assistance-of-trial-counsel claim is procedurally barred from review. Therefore, [James] is not entitled to relief in this regard.”
James, 61 So.3d at 341. Because we hold that the Court of Criminal Appeals erred in sua sponte applying the preclusionary grounds of Rule 32 to the majority of James’s ineffective-assistance-of-counsel claims, it follows that the Court of Criminal Appeals erred in not reviewing whether the circuit court prejudiced James by denying his initial motion to proceed in forma pauperis or ex parte on his request for funds, which possibly would have allowed James the funds necessary to develop his claims. Therefore, we remand this case to the Court of Criminal Appeals for review of this issue on the merits.

Conclusion

Based on the foregoing, the judgment of the Court of Criminal Appeals is reversed and the case remanded to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
*357 LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
COBB, C.J., and SHAW, J.,* recuse themselves.